GEORGE J. STOBIE *vs.* JEREMIAH F. SULLIVAN.

JEREMIAH F. SULLIVAN *vs.* GEORGE J. STOBIE.

Kennebec County. Penobscot County. Decided March 7, 1919. These cross actions arose out of an automobile collision which occurred in Etna on September 23, 1917, at about 7 P. M. The suit of *Stobie v. Sullivan* was brought on September 29, 1917, was tried at the November term of the Superior Court in Kennebec County, resulted in a verdict for the plaintiff in the sum of $1960 and is before this court on Sullivan's motion to set aside the verdict. The suit of *Sullivan v. Stobie* was brought on December 6, 1917, in the Supreme Judicial Court for Penobscot County, was tried at the April term, 1918, and is before this court on report.

The attorneys for Sullivan in their brief base their claim for a new trial on the first suit and a judgment in his favor in the second chiefly upon the excessive speed at which they allege Stobie was driving at the moment of collision. It is doubtless true that Stobie was traveling at a rapid rate, but from the testimony and the location of his car after the accident, it is apparent that Sullivan was traveling at an equal if not greater speed.

The vital point of inquiry however is whether the collision took place on the north side of the road which was Stobie's proper side as he was traveling westward from Hampden toward Waterville, or on the south side, which was Sullivan's proper side as he was going northerly toward Bangor. If each had been on his own side, no trouble would have occurred, as the highway at that point was a State road, straight, wide, smooth, and well wrought.

It was not the speed of either party that was the proximate cause of the accident but the position of one car or the other on that side of the road where it did not belong. *Bragdon* v. *Kellogg*, 118 Maine, 42.

In the first case the jury determined this issue in favor of Stobie and their verdict is abundantly justified by the evidence and the circumstances. It should not be disturbed.

In the second case, in which this court has jury powers, we are of opinion that the action cannot be maintained. We have studied the evidence carefully and can reach no other conclusion than that Mr. Sullivan ran his car into Mr. Stobie's, the latter being on its proper side of the road, and therefore is not entitled to recover. A detailed discussion of the evidence is unnecessary.

The entries will therefore be: In *Stobie* v. *Sullivan*, motion overruled. In *Sullivan* v. *Stobie*, judgment for defendant. *Carroll N. Perkins, and Clement F. Robinson*, for George J. Stobie. *Harvey D. Eaton, and Terence B. Towle*, for Jeremiah H. Sullivan.

