GEDDES & MOSS UNDERTAKING & EMBALMING CO., Limited, v. DUNNE et al.

No. 15066.

Court of Appeal of Louisiana. Orleans.

Feb. 24, 1936.

For former opinion, see 161 So. 211.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellants.

John T. Charbonnet, of New Orleans, for appellee.

McCALEB, Judge.

A further consideration of the facts in this case convinces us that our opinion on first hearing is correct. The testimony of Mrs. Kraak and Ricks, her chauffeur, both disinterested witnesses, authenticates the fact that Dunne crossed the Felicity street intersection on a red signal light. In addition to the witnesses who corroborate these statements, we find amplification

in the testimony of many of the witnesses who assert that the signal light changed in favor of Prytania street traffic immediately after the accident.

It is also evident from Dunne's own statement that he was more engrossed with his personal business affairs than in the operation of his automobile. He did not hear the shriek of the siren on plaintiff's ambulance, while all other witnesses, both for plaintiff and defendant, heard and were aware of an existing emergency in the vicinity of the accident. Undoubtedly Dunne was guilty of negligence in the particulars set forth in our original opinion and as enlarged upon herein.

Defendants press us to hold that the operator of plaintiff's ambulance was guilty of contributory negligence. They assert that Chappital and Fisher have falsified on the witness stand, that the speed of the ambulance was greater than these witnesses aver, and that, even though it was not, Chappital had observed Dunne crossing the Urania street intersection in violation of law and had ample time to stop the ambulance and thereby avoid the accident.

■ Assuming that Chappital was traveling faster than 20 miles an hour, he actually crossed the Prytania street intersection on a green light and, in such case, the speed of the ambulance was not a contributing cause of an accident which occurred through the carelessness and negligence of Dunne in running over and through a red signal light in violation of law.

■ On the other hand, if Chappital observed Dunne crossing the Urania street intersection on a red light, he could not be charged with knowledge that Dunne would continue to violate the law in respect of the Felicity street intersection. Mejheardt v. Reboul (La.App.) 158 So. 235.

Finally, it is urged by appellants that, in preparing for trial in another case, which is an outgrowth of this accident, it was discovered that the driver of an automobile traveling on Felicity street, in the middle thereof, from Coliseum street in the direction of Prytania street, cannot see the semaphore situated on the downtown river corner of Felicity street until the driver is within approximately 75 feet of the corner of Prytania street. This condition is ascribed to the fact that a telephone pole situated on that corner, in front of the semaphore, obstructs the view of the driver. Counsel concedes that we cannot consider this alleged new evidence, but requests that the case be remanded in order that the same may be admitted. Cases are cited reminding us that the right to remand is accorded under the jurisprudence when, in so doing, the ends of justice will be subserved. Brasher v. Grant, 1 La.App. 457; Brown v. Gulf Refining Co. of La., 5 La. App. 546.

■ We have no doubt of our authority to remand a cause upon a proper showing that the ends of justice require new facts to be presented, but we are uncertain that the reasons, upon which the request for a remand is based, in the instant case, are sufficient. However, giving the defendants the benefit of the alleged new evidence and considering its effect as though it had been properly admitted on the trial below, we are convinced that it could not affect the result here. Whether the ambulance driver saw the semaphore at a distance of 300 feet, as he testified, or at 200 feet, as testified by Fisher, or at 75 feet, as shown by the alleged new evidence, is immaterial. The fact is that Chappital could and did see the signal light before entering the intersection and that, at the time he went over the intersection, he did so on a favorable traffic signal.

For the reasons stated herein and for those given in our former opinion, the original decree is reinstated and made final.

Original decree reinstated.