LEE BROTHERS, INC., *v.* JONES ET AL.

[No. 17,184. Filed April 15, 1944. Rehearing denied May 25, 1944.]

690

692

694

*Gavit & Richardson* and *Kenneth Call,* all of Gary, and *Riley, Reed, Murphy & McAtee,* of East Chicago, for appellants.

*Daniel J. Redding, Oscar B. Thiel* and *Robert H. Moore,* all of Gary, for appellees.

CRUMPACKER, C. J.—On the 5th day of July, 1942, William A. Jones suffered physical injuries in an automobile accident as a result of which he died four days later, leaving a widow, Georgiann Jones, and two minor children. The widow, as administratrix of her hus-

band's estate, brought this suit in the Lake Superior Court to recover resulting damages and charges the appellants with negligence proximately causing such accident. The case was tried to a jury and resulted in a joint verdict for the administratrix, the appellee here, against all of the appellants in the sum of $10,000. Each appellant appeals and assigns as error the overruling of his separate motion for a new trial. Each of said motions challenges the legality of the verdict and the sufficiency of the evidence to sustain it and complains of certain instructions given to the jury by the court on its own motion and the court's refusal to give certain others. The motions of Lee Brothers, Inc., James Lanter and Almon H. Baldwin also complain of the admission and exclusion of certain testimony and the refusal of the court to grant a new trial because of newly discovered evidence.

The accident in controversy occurred in the eastern outskirts of the City of Gary on a four-lane concrete highway running east and west and divided in the middle by a yellow stripe with two lanes north of such stripe for west bound traffic and two lanes south thereof for traffic moving east. At about 4 o'clock in the afternoon of July 5, 1942, the appellant Lanter, for and on behalf of his employer Lee Brothers, Inc., was driving a large truck of the tractor-trailer type in an easterly direction in the most southerly or outer lane of said highway. He was overtaken by the appellant Baldwin driving a Ford automobile in which the appellee's decedent, William A. Jones, was also riding. In the act of passing the truck the appellant Baldwin used the inner lane for east bound traffic or the first lane to the south of the yellow line. When almost abreast of said truck the Baldwin car was struck almost head on by a Plymouth automobile which was being driven in

a westerly direction along said highway by the appellant Eli Nedelchoff, and, as a result of such collision, the plaintiff's decedent received injuries from which he died. The appellee charges in her complaint that the appellants were each careless and negligent in the manner in which they drove their respective vehicles, and, as the proximate result of the concurrent negligence of each, the accident occurred.

The appellee's case against the appellant Baldwin is based on the theory that at the time of the accident her decedent was a passenger for hire in the Baldwin automobile and that, therefore, the Guest Statute, relieving Baldwin of responsibility for mere negligence, has no application. At the close of the appellee's case the appellant Baldwin moved for a directed verdict on the theory that the evidence discloses a guest and host relationship between him and the appellee's decedent and fails to show that his conduct in the premises was wanton and wilful. A proper instruction for the purpose was tendered by said appellant but refused by the court and this, we think, was error.

The evidence on this question most favorable to the appellee discloses that Baldwin and Jones had been friends for many years. For some time prior to the accident in controversy they had worked in the same department of the Carnegie-Illinois Steel Corporation, Gary Works. Baldwin lived near Valparaiso and Jones in East Gary, and for two or three years Baldwin had been accustomed to pick Jones up and drive him to and from work. In return Jones had paid for gasoline used in the Baldwin car on 15 or 20 occasions each year. It is undisputed, however, that on the particular occasion in controversy Baldwin did not know that Jones was in the mill, but they met casually after the day's

work and left for home together in Baldwin's car. Jones furnished no gasoline for this particular trip and there was no definite arrangement or understanding between them concerning the same, nor did Baldwin expect Jones to pay anything for such transportation or contribute any gasoline therefor.

The automobile Guest Act of 1929 as amended in 1937, § 47-1021, Burns' 1940 Replacement, § 11265, Baldwin's Supp. 1937, relieves the owner or driver of an automobile from liability to an occupant except for injuries resulting from the wanton or wilful misconduct of the operator, if such occupant is then being "transported without payment therefor." The word "guest" as used in the above statute has been defined by the Supreme Court as follows:

> "The word 'guest' has more of social than business significance. The words 'without payment for such transportation' imply some valuable consideration for the ride. The presence of the person injured must have directely compensated the owner or operator in a substantial and material way. If the trip is primarily social, incidental benefits though monetary do not exclude the guest relationship. If the trip is primarily for business purposes and the one to be charged receives substantial benefit, though not payment in a strict sense, the guest relationship does not exist. Expectation of a material gain rather than social companionship must have motivated the owner or operator in inviting or permitting the other person to ride." *Liberty Mut. Ins. Co.* v. *Stitzle* (1942), 220 Ind. 180, 41 N. E. (2d) 133.

This definition was applied by this court in determining the relationship of the parties in the case of *Albert McGann Securities Co.* v. *Coen* (1943), *ante*, p. 60, 48 N. E. (2d) 58. Measured by this standard it is obvious that the appellee's decedent was being "transported without payment therefor" when the accident that

caused his death occurred, and that the appellant Baldwin is not responsible for mere negligence in the operation of his automobile at the time and place in suit.

The appellee contends that, even so, the evidence discloses wanton and wilful misconduct on the part of Baldwin, and that her complaint should be deemed amended to conform to the proof and thus permit the verdict to stand. Such procedure would be proper if, as a matter of law, the evidence discloses Baldwin's misconduct to have been wanton and wilful, but we cannot agree that it does. It has been held by the Supreme Court that the words "wilful" and "wanton" as used in the automobile Guest Statute are nearly synonymous. To constitute "wanton or wilful misconduct" it must appear that the driver of an automobile is conscious of his conduct, and with an appreciation of existing conditions knows that his conduct, if persisted in, will probably result in injury to his guest; and yet, with reckless indifference to consequences, he consciously or intentionally persists in such conduct and as the proximate result thereof his guest is injured. *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 50 N. E. (2d) 875. See also Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, vol. 4, § 2322, pp. 109 and 110; Berry, Automobiles, Seventh Edition, § 2-340. The most that can be said in support of the appellee's position in the case at bar is that the appellant Baldwin was racing with the appellant Lanter and, in doing so, drove his automobile at 50 miles per hour with "heavy traffic" approaching and passing in the opposite direction. It is undisputed, however, that the so-called race took place on a four-lane highway and on that side thereof reserved for vehicles traveling in the same direction. His side of the highway ahead was clear and unobstructed, and the

appellant Baldwin had the right to assume that approaching vehicles would stay on their proper side of the center line as the law required. Under such circumstances, it cannot be said that the appellant Baldwin consciously and intentionally persisted in a course of conduct that probably would result in injury to appellee's decedent. He had no reason to believe that an approaching automobile would suddenly leave its lane and cut across the center line into his path, if his own version of the manner in which the accident happened is accepted, nor to anticipate that the truck with which he was racing would crowd him over said line into the path of vehicles approaching from the opposite direction as claimed by the appellant Nedelchoff. If we were to concede that the appellant Baldwin's conduct was negligent it would yet fall short of being "wanton or wilful" as that term is used in the statute and as it has been defined by the courts.

In support of their contention that the verdict against them is not sustained by sufficient evidence, the appellants Lanter and Lee Brothers, Inc., first contend that there is a total lack of proof that the appellant Nedelchoff was negligent in any respect other than cutting across the center line of the highway without reasonable excuse, and, therefore, the jury's verdict against him must be considered as predicated upon that particular charge of negligence and definitely places the Nedelchoff car in Baldwin's path. This being so, the appellants Lanter and Lee Brothers, Inc., assert that the speed at which their truck or the Baldwin car was driven could not possibly have been the proximate cause of the accident in controversy. This, we think, is true. It was held in *Stobie* v. *Sullivan* (1919), 118 Me. 483, 105 A. 714, that where a collision occurred between speeding automobiles, which collision

would not have happened if each had remained on its proper side of the road, it was not the speed of either but the position of one car or the other on that side of the road where it did not belong that was the proximate cause of the accident. The same doctrine is announced in *Geddes, etc., Co.* v. *Dunne* (1935), La. App., 165 So. 879; *O'Mally* v. *Eagan* (1931), 43 Wyo. 233, 350, 2 P. (2d) 1063, 5 P. (2d) 276; *Whallen* v. *Dunbar* (1922), 44 R. I. 136, 115 A. 718. The appellee has referred us to a number of cases in which the courts of this State have held speed to have been the proximate cause of the accidents involved therein. An examination of these cases, however, discloses that it was the increase of speed or failure to decrease the same after discovering peril that resulted in such accidents. In the present case neither the complaint nor the proof indicate a situation in which the appellant Lanter, in the exercise of reasonable care, had time to do anything to avoid the collision after he discovered or should have discovered that the same was imminent. In this connection appellee suggests that the jury may have found that the Nedelchoff car had been astride the center line for some time prior to the accident and that Lanter and Baldwin should have seen it so approaching and yielded the right of way. There are no allegations in the complaint to support such a theory and no evidence whatever from which the jury could have drawn such an inference. The Nedelchoff group of witnesses were very positive in their insistence that they were on the proper side of the center stripe at all times as they approached the place of accident, and all other witnesses say that Nedelchoff's departure from his lane was sudden and almost simultaneous with the impact.

The appellants Lanter and Lee Brothers, Inc., next contend that the appellee's charge of negligence in in-

creasing the speed of their truck as Baldwin was in the act of passing is not actionable. Such conduct, they insist, does not constitute actionable negligence at common law, unless coupled with such circumstances as would make it a violation of one's duty to exercise ordinary care; and that in the instant case neither the complaint nor the proof supports such a theory. As the statutory prohibition against increasing speed while another is passing specifically excepts such an act on four-lane highways (§ 47-2012, Burns' 1940 Replacement, § 11189-73, Baldwin's Supp. 1939) said appellants say no negligence can be predicated on the theory that they violated a statutory duty in that respect. The appellee insists, however, that the appellants overlook § 47-2001, Burns' 1940 Replacement, § 11189-62, Baldwin's Supp. 1939, which applies to all highways whether of two, three or four lanes and that Clause 4 of Sub-division (c) thereof expressly prohibits increasing speed when another driver is attempting to pass. Sub-division (c) of the above statute characterizes certain conduct as reckless driving, and Clause 4 thereof reads as follows: "Speeding up or refusing to give half of the roadway to a driver overtaking and desiring to pass." This statute is § 52 of ch. 48 of the Acts of 1939; and § 47-2012, Burns' 1940 Replacement, § 11189-73, Baldwin's Supp. 1939, *supra*, is § 63 of the same Act. In construing a statute it is not to be presumed that any part thereof is intended to be meaningless, and every part of the statute must be considered in connection with the whole, so as to make all parts harmonize, if practicable, and give sensible and intelligent effect to each. *Brown* v. *State ex rel. Pavey* (1932), 94 Ind. App. 669, 182 N. E. 263; *McQuaid v. State ex rel. Sigler* (1937), 211 Ind. 595, 6 N. E. (2d) 547, 118 A. L. R. 1079. This principle

of statutory construction compels us to hold that Subdivision (c), Clause 4, *supra*, has no reference to four-lane highways as otherwise that portion of § 47-2012, Burns' 1940 Replacement, § 11189-73, Baldwin's Supp. 1939, which excepts such highways from its provisions against increasing speed while another is passing, would have no meaning. It is our opinion, therefore, that the appellee's complaint neither alleges nor does the evidence sustain a charge of breach of duty, either statutory or at common law, on the part of the appellants Lanter and Lee Brothers, Inc., in increasing the speed of their truck as Baldwin attempted to pass.

We cannot agree with said appellants, however, in their assertion that there is no evidence in the record upon which the jury could have found that Lanter failed to keep a reasonable lookout for other vehicles on the highway. His own testimony is to the effect that he did not see the Nedelchoff car until after the accident. He was aware of vehicles approaching on the north side of the highway but paid no particular attention to them and could not say he saw the Nedelchoff car in particular. Whether this discharged his duty to make reasonable use of his senses to detect probable danger, considered in connection with all the surrounding circumstances, was strictly a matter for the jury. But even so, it is difficult for us to understand how such failure to keep a lookout could have been a proximate cause of the accident in question. The jury found that Nedelchoff negligently drove his car across the center line of the highway into that portion thereof reserved for east bound traffic, and that such conduct was a proximate cause of the accident. This must be so as otherwise there could have been no verdict against Nedelchoff. The testimony of the Nedelchoff witnesses to the effect that his car remained on the proper side

of the center line of the highway is repudiated by the verdict, and all other evidence on the subject forces the conclusion that Nedelchoff's crossing the line and the subsequent collision with the Baldwin car were almost simultaneous. Under such circumstances it is obvious that a lookout, no matter how strict, could not have prevented the accident and, therefore, a failure so to do could not have been a proximate cause thereof.

On the question of the sufficiency of the evidence to sustain the verdict against them, the appellants Lanter and Lee Brothers, Inc., lastly contend that the jury found against the appellee on her charge that they crowded Baldwin and thereby forced him over the center line and into the way of Nedelchoff's car, as otherwise the verdict would and should have been against them alone. That under such circumstances both Nedelchoff and Baldwin would have been free from negligence proximately causing the accident. We do not believe that the verdict against Nedelchoff and Baldwin can be so construed. Such verdict does find that Nedelchoff negligently crossed the center line and that such negligence was a proximate cause of the accident, but it is not necessarily a finding that the appellants Lanter and Lee Brothers, Inc., did not crowd the Baldwin car. There is evidence tending to prove crowding to the extent of actual contact with the Baldwin car, and we cannot say, as a matter of law, that the jury could not have reasonably inferred therefrom that, except for such crowding and contact, Nedelchoff would have passed in safety even though over the center line of the highway. The evidence most favorable to the appellee indicates that the front end of the Nedelchoff car was "just off" the center line and in the inner east bound lane. The traffic lanes involved are each 10 feet wide and the inference that there would have been room

for the free passage of the Baldwin car, except for its being crowded over by the truck, is not unreasonable. We are, therefore, constrained to hold that on the issue of negligent crowding there is evidence sufficient to sustain the verdict against the appellants Lanter and Lee Brothers, Inc. Although the negligence of Nedelchoff in driving over the center line of the highway and that of Lanter in crowding the Baldwin car, are separate and independent acts of negligence, there is evidence that each continued up to the moment of impact and that they are, therefore, concurrent and each may be considered a proximate cause of the accident.

The appellants Lanter and Lee Brothers, Inc., challenge the legality of the verdict as to them on the grounds that it is inconsistent within itself and therefore cannot stand. This contention is the summation of the following argument: Either Baldwin or Nedelchoff got over the center line of the highway else the collision could not have occurred. That the only negligence on the part of Nedelchoff of which there is any evidence is that he got over said line and that therefore the verdict against him definitely places him there. That there is no actionable negligence charged or proven against Baldwin that could possibly have been the proximate cause of the accident except that he drove over said line onto Nedelchoff's side of the highway. That there is absolutely no evidence that both were over the line nor can such fact be legitimately inferred because all of the evidence on the subject places one or the other of them there and not the other. Therefore, the jury, in order to hold Nedelchoff, finds that he negligently drove over the line and, in order to hold Baldwin, finds that he did the same thing. That by any rule the jury cannot, in the same case and on the

same conflicting evidence, find the fact one way as to one alleged wrongdoer and another way as to a second wrongdoer. That the only actionable negligence proven against Lanter and Lee Brothers, Inc., is that they crowded and knocked Baldwin's car over the center line into Nedelchoff's path and, therefore, the verdict against them necessarily exonerates Baldwin and Nedelchoff of all blame. We concede that this argument is conclusive if the premises upon which it is based are tenable. There is evidence in the record, and reasonable inferences to be drawn therefrom, to support the following facts: The highway involved customarily bears heavy traffic and, at the time of the accident in question, there was a steady stream of motor vehicles going west in both lanes north of the center line. That with such knowledge Baldwin attempted to pass Lanter and that Lanter tried to prevent him from doing so by increasing his speed. This resulted in what the Nedelchoff witnesses characterize as a race in which both vehicles reached a speed of 50 miles per hour and in which the Baldwin car and the truck crowded each other to the extent of actual contact whereby the Baldwin car was thrown to the left or north. At the same time Nedelchoff negligently drove his car over the center line and the collision in controversy occurred. Except for such crowding and contact by and between the truck and the Baldwin car, Nedelchoff would have passed in safety even though over the line and except for Nedelchoff's being over the line the Baldwin car would not have struck him. We cannot say, as a matter of law, that racing and crowding, under the circumstances disclosed by the evidence, was not negligence. The question was therefore strictly within the province of the jury. It is our duty to uphold the jury's verdict if it can be done on any theory supported by the evidence

and law of the case, and, on the above theory, which we believe is supported by evidence, the verdict against all of the appellants is not inconsistent. If it can be said that the complaint states no such theory of liability, we must regard the same as amended to conform to the case established by the evidence in order that the verdict may be upheld.

As heretofore stated the appellant Nedelchoff testified that he at no time crossed the center line of the highway but, on the contrary, remained at all times in his own proper lane of traffic. A court reporter testified for the appellants Lanter and Lee Brothers, Inc., to the effect that she had taken Nedelchoff's statement in the hospital shortly after the accident in which statement he admitted that, to avoid a car ahead of him in his lane, he applied his brakes and skidded over the center line of the highway into Baldwin's path. Apropos to this situation the court, on its own motion, gave instruction No. 11 which reads as follows:

"The credibility of any witness may be impeached by proof that he had made statements out of court contrary to and inconsistent with what he testified to at the trial concerning matters material and relevant to the issues joined; and in this case if any witness has been thus impeached about material matters relevant to the issues in this case, then you have a right to reject all his testimony except insofar as he has been corroborated by other credible evidence in the case.

"A witness may be asked for the purpose of impeaching his testimony, if he made certain statements at another time, inconsistent with his testimony, but such evidence does not tend to establish the fact of the truth of the statement so made.

It simply goes to the credibility of the witness." The appellants Lanter and Lee Brothers, Inc., insist

that this instruction is erroneous because Nedelchoff was a party defendant in the action below, and his admissions were direct and substantive evidence of the facts admitted and the jury's consideration of them could not be limited to the purpose of impeachment. We think the appellants' position is correct and the instruction, as applied to testimony tending to impeach a party to the action, is erroneous. *Acton* v. *Lowry* (1941), 109 Ind. App. 581, 34 N. E. (2d) 972; *Helton* v. *Mann* (1942), 111 Ind. App. 487, 40 N. E. (2d) 395; *Hill* v. *Newman* (1874), 47 Ind. 187. We fail to see, however, in what manner the appellants were harmed by the error. Nedelchoff's admissions, considered as direct evidence, merely tended to prove that he got over the center line of the highway which, as we have heretofore pointed out, the jury found to be the fact without the benefit of such evidence.

Instruction No. 1, given by the court on its own motion, enumerates the specific acts of negligence charged against the appellants Lanter and Lee Brothers, Inc., among which is that of increasing the speed of their truck while another vehicle was attempting to pass and then concludes with the following words: "The Court has instructed you as to the issues joined in this case. It is not necessary that plaintiff prove all of the allegations of negligence against a defendant before you can find such defendant guilty, it being sufficient that he prove any one of the charges of negligence against such defendant by a fair preponderance of all of the evidence." This instruction in effect bound the jury to accept the naked fact of increasing one's speed while another is attempting to pass on a four-lane highway as an act of negligence in itself. As we have indicated earlier in this opinion, such fact could not constitute negligence at common law unless

an ordinarily prudent person would not have done so under the same or similar circumstances and, their being no statutory prohibition involved, there can be no negligence predicated upon the violation of a duty imposed by statute. It seems clear to us that the instruction either invades the province of the jury by assuming that, under the circumstances of the instant case, an ordinarily prudent person would not have increased his speed while Baldwin was attempting to pass or erroneously assumes that § 47-2001, Burns' 1940 Replacement, § 11189-62, Baldwin's Supp. 1939, applies to four-lane highways and its violation was negligence *per se*. In either event the instruction was erroneous and, as the appellants Lanter and Lee Brothers, Inc., did not deny the charge, it is obvious that such instruction was a potent instrument of prejudice to their defense.

It is true that the court, by its instruction No. 29, correctly informed the jury that there was no "statutory prohibition against the driver of the truck increasing the speed while Baldwin was in the act of passing the truck," but in its instruction No. 24 the court expressly tells said jury that "speeding up" when an overtaking driver desires to pass constitutes reckless driving as defined by statute and therefore is negligence *per se*.

These two instructions are hopelessly at odds and, when taken in connection with instruction No. 1, must inevitably have led to confusion in the minds of the jury as to the law on the subject. It was held in *Pittsburgh, etc., R. Co.* v. *Boughton* (1924), 81 Ind. App. 129, 142 N. E. 869, that error in giving an erroneous instruction is not cured by giving another instruction in conflict therewith, especially where the effect would be to confuse the jury and leave it in doubt as to which

instruction should be followed. It is suggested by the appellee that instruction No. 24 was given to the jury at the instigation of the appellants Lanter and Lee Brothers, Inc., as it is identical with one tendered and requested by them and, therefore, they cannot be heard to complain of invited error. This point would be well taken except for the fact that the instruction tendered by said appellants, and adopted by the court as its own, correctly states the law and constituted a futile effort to cure error and not to invite it. For error in instructing the jury as above indicated the judgment against the appellants Lanter and Lee Brothers, Inc., must be reversed, and it becomes unnecessary for us to pass upon the question of their right to a new trial on the grounds of newly discovered evidence.

As to the appellant Nedelchoff's contention that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, what we have said concerning these questions as applied to the appellants Lanter and Lee Brothers, Inc., is also applicable to Nedelchoff. In this connection the appellant Nedelchoff raises but one additional question. He contends that, even though the evidence may not show that the appellee's decedent Jones was a paid passenger in the Baldwin car, it does disclose that, at the time and place of the accident, Jones and Baldwin were engaged in a joint enterprise and, therefore, Baldwin's negligence must be imputed to Jones, and as such negligence contributed to the accident the appellee cannot recover.

At most the evidence discloses nothing more than a custom or practice whereby Baldwin had taken Jones to work in his car frequently for a period of two or three years prior to the accident, and on 15 or 20 occasions each year Jones had purchased gasoline for use in the Baldwin car. As between the

parties to a joint enterprise there must be a contract express or implied, 30 Am. Jur. 681, § 9, and in the instant case the evidence is direct and undisputed that there was no agreement or understanding whatever between Jones and Baldwin with reference to the subject. It must further appear that a right of mutual control over the subject-matter of the enterprise, or over the property engaged therein, exists. "Particularly is this true with respect to negligence cases in which the element of joint adventure is present; in that class of cases unless each has some voice and right to be heard in the control or management of the enterprise, a joint enterprise is not deemed to exist." 30 Am. Jur. 682, § 11. We find no evidence in the record to support the contention that a joint adventure is here involved.

The appellant Nedelchoff next complains that the court's instruction No. 1 does not correctly define the issues as to him as he pleaded that he had no knowledge concerning the facts alleged in the complaint's rhetorical paragraphs 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 15 and 16, which placed the burden on the appellee of proving the allegations of each of them by a fair preponderance of the evidence, whereas instruction No. 1 told the jury that the facts therein alleged were undisputed and required no proof. The appellant's position is true as to rhetorical paragraphs 1, 2, 3, 4, 8 and 9, but as to all others the jury was instructed that the burden of proving the allegations thereof by a fair preponderance of evidence rested upon the appellee. Rhetorical paragraphs 1 and 2 of the complaint concern the apointment of the appellee as administratrix of the decedent's estate and whom he left as his next of kin. The allegations thereof were proven by the undisputed testimony of the appellee herself.

Rhetorical paragraphs 3 and 4 pertain to the corporate existence of Lee Brothers, Inc., and Lanter's agency. The facts therein alleged were admitted by the parties involved and are immaterial as far as the appellee's case against the appellant Nedelchoff is concerned. Rhetorical paragraphs 8 and 9 concern the simultaneous approach of all the appellants to the place of accident and the allegations thereof are amply supported by evidence. It is therefore obvious that the appellant Nedelchoff was not harmed by the extremely technical error upon which he relies in respect to the court's instruction No. 1.

The correctness of instruction No. 5 is challenged on the theory that, although purporting to define burden of proof, it actually defines preponderance of the evidence and is therefore confusing. The appellant seeks to take advantage of the inadvertence of the court in using the words "by the burden of proof" in the first sentence of the instruction when it is apparent that the words "by preponderance of the evidence" were intended to be used. The instruction accurately defines the term "preponderance of the evidence" and we cannot see how the jury could have been misled by the mere misnomer of a legal principle otherwise correctly and concisely set out.

Instruction No. 23 is questioned by the contention that it states the statutory law applicable to two-lane highways only and, therefore, is outside the issues. There is nothing in the statute involved (§ 47-2014, Burns' 1940 Replacement, § 11189-75, Baldwin's Supp. 1939) that so limits its application, and we have been referred to no authority that so holds. By its phraseology and terms it seems as appropriate of application to four-lane highways as to those of two-lanes only.

The appellant Nedelchoff contends that he was entitled to a peremptory instruction at the close of the appellants' case directing a verdict in his favor. This question is fully disposed of in our discussion of the sufficiency of the evidence to support the verdict and we see no error in the court's refusal to give such instruction. Appellant's instructions 3 and 5, tendered and refused, deal with the law of joint adventure or enterprise. As we have heretofore stated, there is no evidence to warrant the submission of such issue to the jury and the instructions were properly refused.

Lastly the appellant Nedelchoff asserts error in the court's refusal to give his tendered instructions 4 and ■ Either or both of these instructions, if given, 26, 27. would have submitted to the jury the question of the appellant's negligence in connection with the sudden skidding of his automobile across the center line of the highway. We think, without doubt, the sudden skidding of an automobile, in and of itself and unattended by prior negligence from which such skidding proximately results, does not constitute negligence. *Pickering* v. *Corson* (1940), 108 Fed. (2d) 546; *Herman* v. *Sladofsky* (1938), 301 Mass. 534, 17 N. E. (2d) 879; *Kohn* v. *B. F. Goodrich Co.* (1941), 139 Ohio St. 141, 38 N. E. (2d) 592. The appellant contends that as this was one of the theories of his defense he was entitled to have it submitted to the jury, and, as no instruction given by the court covered the subject, it was error to have refused one that did. The point is well taken if, in fact, such was the theory of his defense and if there is any evidence in the record upon which such defense can be predicated. The appellant Nedelchoff testified that at no time did he cross the center line of the highway, and he and all witnesses in his behalf stoutly maintained such position throughout the

trial. A court reporter, who had previously taken Nedelchoff's statement, was called to impeach him in that respect. Said reporter's testimony on the subject has heretofore been set out, and said appellant now contends that the same should be regarded as substantive evidence of the fact that he applied his brakes to avoid striking a car in front of him, which had suddenly slowed down, with the result that he unavoidable skidded across said center line. This evidence was admitted solely on the theory that, if true, it constituted proof of prior statements inconsistent with the appellant's testimony at the trial and, therefore, tended to impeach him. Under no principle of the law of evidence, of which we have knowledge or to which we have been referred, can such testimony be considered substantive evidence of unavoidable skidding. Viewed in such light the appellant's statement is clearly a self-serving declaration made under circumstances not permitting of cross-examination and not a part of the *res gestae*. If there seems to be inconsistency in our holding that this evidence is substantive as to the appellants Lee Brothers, Inc., Lanter, and Baldwin but merely impeaching in its nature as to the appellant Nedelchoff, it should be borne in mind that, in reference to the positions of their respective vehicles at the moment of the accident, the interests of the appellants are adverse, and as to all of the appellants except Nedelchoff the testimony in controversy constitutes an admission of the latter as to the fact that his car was over the center line of the highway but as proof of his defense it is hearsay and self-serving. We see no error in the refusal of the instructions involved.

The judgment is affirmed as to the appellant Nedelchoff and reversed as to the appellants Lanter, Lee

Brothers, Inc., and Baldwin with instructions to sustain their respective motions for a new trial.

NOTE.—Reported in 54 N. E. (2d) 108.