HALL *v.* GUTHERY, ADMINISTRATOR, ETC.

[No. 19,200. Filed January 19, 1960. Rehearing denied April 28, 1960. Transfer denied June 9, 1960.]

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellant.

*John Heeter, Dulberger, Heeter & Salb,* of Indianapolis, and *K. Parker Vosloh,* of counsel, of Bloomfield, for appellee.

SMITH, J.—This action was instituted to recover damages alleged to have been sustained to a Cadillac automobile owned and operated by Thurston P. Guthery. The complaint alleged in substance that Thurston P. Guthery, on the 26th day of December, 1953, operated his Cadillac automobile on Indiana State Highway No. 67 at a point 3 or 4 miles southwest of Spencer, Indiana; that the appellant Bedford Hall, operated an automobile southwest on said highway to the rear of the automobile operated by Thurston P. Guthery; that the appellant attempted to pass the Cadillac automobile and, in so doing, a collision resulted; and as a result of the collision the Cadillac automobile was damaged. Both the appellant and the appellee were injured slightly as a result of such collision, and were eventually placed in an ambulance to be taken to a hospital in Linton, Indiana; however, on the way to Linton the ambulance was involved in a collision, in which Thurston P. Guthery was fatally injured. Following the death of Thurston P. Guthery, a son, Thurston Eugene Guthery,

the appellee herein, was appointed as administrator of his father's estate; and thereupon, Thurston E. Guthery, as such administrator, brought this action for damages sustained to the Cadillac automobile owned by his father.

The appellee's amended complaint charges the appellant with four acts of negligence, namely: (1) that the appellant failed and neglected to keep a look out for traffic, including the motor vehicle operated by appellee's decedent; (2) that the appellant carelessly and negligently drove and operated his motor vehicle into and against the motor vehicle operated by appellee's decedent by cutting into and against said motor vehicle while in the act of passing the motor vehicle operated by appellee's decedent; (3) that the appellant carelessly and negligently omitted and neglected to yield the right-of-way to the motor vehicle operated by appellee's decedent, by cutting into and against the motor vehicle operated by appellee's decedent in a southwesterly direction on and along the westerly one-half of said highway; and (4) that the appellant carelessly and negligently operated his motor vehicle into and against the vehicle operated by appellee's decedent while he, the appellant, was under the influence of intoxicating liquor.

The appellant filed an answer to appellee's amended complaint in three paragraphs. In the first paragraph he denied the material allegations of negligence contained in the amended complaint. In the second paragraph he alleged that the Meridian Mutual Automobile Insurance Company had issued a certain policy of insurance to appellee's decedent wherein said insurance carrier insured the said Thurston P. Guthery against any loss that he might sustain as a result of any collision with another motor vehicle; that the Meridian Mutual

Insurance Company paid all of the damages sustained to the said appellee's motor vehicle, and that the decedent's rights and causes of action, if any, growing out of the said collision are required to be and were assigned by *operation of law* to said decedent's insurance carrier, and that by reason thereof the insurance carrier is the real party in interest. The third paragraph of answer incorporates the same general allegations as were contained in the second paragraph of answer and in addition alleges that the decedent's rights and causes of action, if any, growing out of said collision *are required to be and were assigned in writing* to said decedent's insurance carrier. The general allegations incorporated in the fourth paragraph of answer are identical to those contained in the second and third paragraphs, however, it contains an additional allegation that the insurance carrier, under the terms of said policy, paid for the damages sustained to appellee's decedent's motor vehicle in the sum of one thousand ninety-three ($1,093.00) dollars; and that by reason thereof, any damages that may have been sustained to appellee's decedent's motor vehicle have been reduced and mitigated by such payment and to the extent thereof.

The appellee filed a reply to the second, third and fourth paragraphs of appellant's answer in which he denied all of the material allegations contained therein.

Upon the issues thus joined the case was submitted to a jury for trial. The jury returned a verdict in favor of the appellee in the sum of two thousand, two hundred and fifty ($2,250.00) dollars, and a judgment was duly entered thereon. From this judgment the appeal is taken.

At the conclusion of appellee's case in chief, the ap-

pellant filed a motion for a directed verdict, which motion was overruled by the court.

The appellant urges as error the following: (1) the court erred in not ruling on defendant's motion to weigh the evidence; and (2) the court erred in overruling the defendant's motion for a new trial.

The defendant's motion for a new trial contains three specifications, namely: (1) that the verdict of the jury is not sustained by sufficient evidence; (2) that the verdict of the jury is contrary to law; and (3) that the court erred in overruling the defendant's motion for a directed verdict at the conclusion of plaintiff's evidence.

In appellant's reply brief he admits that there is now no issue presented by appellant's Assignment of Error No. 1, namely: that the court erred in not ruling on defendant's motion to weigh evidence. Consequently the issue presented by such assignment has become moot.

In the second assignment of errors the appellant asserts that the court erred in overruling his motion for a new trial. The crux of appellant's claim therein appears to be that the record evidence does not support any allegation of negligence asserted by the appellee in his complaint. In support of this claim, the appellant urges that the entire record is devoid of any evidence, or any evidence from which any inference can be drawn, that the appellant either failed and neglected to keep a look out for traffic on State Highway No. 67; or that the appellant carelessly and negligently operated his motor vehicle into the motor vehicle owned and operated by the appellee's decedent; or that the appellant carelessly and negligently failed to yield the right-of-way to the appellee's decedent's motor vehicle by cutting into and against the same; or that the appellant operated his motor vehicle under the influence of intoxicating

liquor. The appellant claims that all the record evidence establishes is the fact that there was a collision between two motor vehicles, one of which was owned by appellee's decedent. The appellant states that the evidence does not establish the fact that the appellant was the driver of the other motor vehicle involved in the collision; and neither does the evidence indicate the position of the two motor vehicles involved in the collision prior to the collision, nor the direction in which the appellant's motor vehicle was proceeding at the time of the collision, i.e., whether it was to the front or to the rear of the decedent's motor vehicle. The appellant urges that all these facts, including the allegation that the appellant operated the motor vehicle in question at the time and place alleged, were alleged in appellee's complaint and were specifically denied in appellant's answer.

In the determination of the question presented in appellant's Assignment of Error No. Two, we are required to consider all such evidence as is most favorable to the appellee in determining whether there was sufficient evidence to support the verdict, and the evidence necessary to support a verdict may be based upon circumstantial evidence. In considering the question of the sufficiency of the evidence, the court is limited to consideration of that evidence most favorable to the appellee, *including such inferences favorable to appellee,* as might be fairly drawn by the jury. *Aetna Life Insurance Co.* v. *Nicol* (1949), 119 Ind. App. 441, 86 N. E. 2d 311; *New York Central R. R. Co.* v. *Thompson* (1939), 215 Ind. 652, 21 N. E. 2d 625; *Hudelson et al.* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Hoskinson* v. *Cavender* (1895), 143 Ind. p. 1, 42 N. E. 358; *The Southern Product Company* v.

*Franklin Coil Hoop Company* (1914), 183 Ind. 123, 106
N. E. 872; *Chicago T. H. & S. E. Ry. Co.* v. *Collins*
(1915), 59 Ind. App. 572, 108 N. E. 377. [Rehearing
denied. 59 Ind. App. 572, 108 N. E. 1135.]

The issue to be determined by this appeal is whether
or not the evidence most favorable to the appellee, with
all reasonable presumptions and intendments, with
every inference of fact that can be deduced from the
evidence, and with the lending of credence to circum-
stantial evidence establishes any negligence on the part
of the appellant as charged in appellee's complaint.

From an examination of the record evidence we find
that Carl Christie, a witness for the appellee, testified in
substance that he, at the time of the accident in ques-
tion, was the duly elected Sheriff of Owen County. That,
in the line of his official duties, he made an investiga-
tion of the scene of the accident in question shortly
after the accident occurred. That the scene of the acci-
dent was on State Highway No. 67 approximately 3½
miles west of Spencer, Indiana. That when he arrived
at the scene of the accident he observed that two motor
vehicles had been involved in a collision; one of them,
being the Cadillac automobile owned by appellee's de-
cedent, was over to the right side of the highway about
50 feet north of Highway 67 and east of old Highway
#67. He observed that the other motor vehicle, being
the motor vehicle owned by the appellant, was on the
north side of Highway No. 67 southwest of the Cadillac
approximately 150 feet, facing in an easterly direction.
As to the place of impact he testified specifically as
follows:

"Q. Now, were you able from your investigation—
did you see any evidence there that would
indicate to you where the point of impact
occurred in this collision?

"MR. JAY: I object to that. This is calling for a conclusion.

"THE COURT: Well, if there was any evidence, he would have to state what he saw.

"Q. Will you tell the Court and jury what you saw where that collision had occurred?

"A. Well, I followed the tracks back to the point of impact.

"Q. Which tracks did you follow back?

"A. Both of them, from both cars.

"Q. I see.

"A. And at the point of impact, which was on the right-hand half of the road, which would be the north half, was some debris on the pavement, and it looked like to me, the best I could figure out, that the Cadillac had been to the right, almost off the pavement, when the impact occurred, and had applied brakes, because there were skid marks. The skid marks I saw was black streaks. Just one wheel was on the pavement and the other one was off on the berm.

"Q. On the right-hand side of the road for the driver of the Cadillac, or the left-hand side?

"A. It would be on the right-hand side for the driver of the Cadillac.

"Q. In other words that would be over here on the side of the road that was near this railing. Is that correct?

"A. Yes.

"Q. What else did you see there besides the tracks?

"A. Well, debris of impact, that is, where two cars comes together there is always dirt dust and stuff that is on the pavement.

"Q. Is that dust and dirt off the underneath of the car?

"A. Yes, I think so.

"Q. Was that on the right-hand side of the road or the left-hand side of the road for people proceeding south out of Spencer?

"A. It was on the right-hand side coming out of Spencer.

"Q. In other words, at all times that would be on Mr. Guthery's side of the road. Is that correct?

"A. Yes.

"Q. Now, as a former Sheriff of Owen County, was it your opinion that the debris was where the point of impact occurred?

"A. That was my opinion, yes."

As to the place of the accident, Thurston Guthery, the appellee herein, specifically testified as follows:

"Q. You went to the scene of the wreck, did you not?

"A. Yes . . .

"Q. About what time in the afternoon did you get there, as your recollection serves you?

"A. Around 6:00 o'clock . . .

"Q. Was it still daylight when you went out to the scene where this accident happened?

"A. Yes . . .

"Q. All right, now where did you go to see where this accident occurred?

"A. Well, it was south of Spencer on highway 67.

"Q. Will you tell me what you saw when you arrived there at the scene?

"A. When I arrived at the scene I saw marks on the highway where there had been debris from dirt and gravel. . . . And there was marks on the guard rail too. Of course, I don't know whether they was caused by that wreck or not.

"Q. You did see debris on the highway when you arrived at the scene. Is that correct?

"A. And skid marks.

"Q. I would like for you to tell the Court and jury what the fact is as to this debris with reference to its whereabouts with reference to the skid marks.

"A. Well, the skid marks started in from the debris southwest.

"Q. And where was the debris located on the highway, as you were looking in a southwesterly direction?

"A. Well, from the old road 67 north approximately 375 feet was where the debris was, and from there southwest the skid marks ran that way.

"Q. And on which side of the road as you were looking away from Spencer, which side of the road would it be on?

"A. On the right looking away from Spencer.

"Q. In other words, if you were traveling ahead in a south-southwesterly direction, the debris was on that side of the road. Is that right?

"A. On the right.

"Q. On the right?

"A. Yes."

Mr. Christie further testified that Mr. Guthrey, the owner of the Cadillac automobile, stated in the presence of the appellant, Bedford Hall, that he, Mr. Guthery, was going to file a reckless driving charge against Mr. Hall. Mr. Christie also observed that Mr. Hall had had too much to drink in order to drive and that he smelled alcoholic beverages on the breath of Mr. Hall. Mr. Christie further testified that he filed an affidavit against Mr. Hall charging him with driving under the influence of intoxicating liquor, however, the matter never came to trial because Mr. Guthery was subsequently killed on his way to the hospital. Mr. Christie said that he found in the appellant's car, after the accident, a whiskey bottle, on the floor board of the car, which was practically empty.

From an examination of the record evidence most favorable to the appellee, it is quite evident that the subject case does not present a situation where there

was merely a collision of two motor vehicles, one of them owned by appellee's decedent, Thurston P. Guthery, and the other one owned by the appellant, Bedford Hall. In addition to the evidence of the collision, the record discloses the evidence of Carl Christie who testified as to the location of the motor vehicles following the collision; to the fact that both motor vehicles were on the north half of the highway which would be on Mr. Guthery's side of the road; to the fact that skid marks, made by the Cadillac, were found on the north half of the highway; to the fact that there was debris found on the north half of the highway; to the fact that, in the opinion of Mr. Christie, the appellant was under the influence of intoxicating liquor to the extent that he was in no condition to drive an automobile; to the fact that an open whiskey bottle, practically empty, was found in appellant's automobile; to the fact that Mr. Christie filed an affidavit against the appellant charging him with operating a motor vehicle while under the influence of intoxicating liquor; and to the fact that appellee's decedent lived to accuse the appellant of reckless driving. Some of this evidence presented by Mr. Christie was corroborated by the testimony of the appellee, Thurston Eugene Guthery. All of this evidence presented by the appellee was not specifically denied and refuted by the appellant, Bedford Hall, although it appears from the record that the appellant was present in court at the time of the trial of this cause. The fact that a collision occurred is not to be eliminated from consideration, as suggested by appellant, however, more properly, such fact must be coupled and considered with all other facts and circumstances in the evidence.

In our opinion from an examination of the evidence most favorable to the appellee, with all reasonable pre-

sumptions and intendments and every inference of fact that can be deduced from such evidence, there was sufficient evidence to support the verdict of the jury. The rule is well settled that it is the duty of this Court to uphold the jury's verdict if it can be done on any theory supported by the evidence and law of the case. *Lee Brothers, Inc.* v. *Jones, et al.* (1944), 114 Ind. App. 688, 706, 54 N. E. 2d 108; *Pfisterer* v. *Key* (1941), 218 Ind. 521, 531, 33 N. E. 2d 330; *Barbee and Others* v. *Laws and Another* (1860), Vol. 15 Harrison Indiana Reports, p. 109.

The appellant further contends that, because the evidence failed to establish the essential elements of appellee's alleged cause of action, it became the duty of the trial court to sustain appellant's motion for a directed verdict, and the refusal so to do would be reversible error. In support of this contention, the appellant urges that only two facts were established by the evidence, namely: (1) the fact that there was a collision, and (2) the fact that the collision occurred on the north half of the highway. The appellant asserts that the facts in the case at bar are practically parallel with the facts in the case of *Pontiac-Chicago M. E. Co.* v. *Cassons & Son* (1941), 109 Ind. App. 248, 34 N. E. 2d 171. Let us examine the record in the *Pontiac* case. In that case the defendant was charged with operating a Dodge transport on the left side of the highway and into that portion of the highway occupied by a Studebaker tractor operated by one Jay Humes. The defendant was further charged with the failure to keep a proper look out; the failure to direct the transport he was operating in such a manner as to prevent a collision with the Studebaker tractor which was operated by Humes from the other direction; the failure to stop the Dodge transport before striking the Studebaker

tractor; the failure in not directing the Dodge transport to the right upon approaching the Studebaker tractor; and the failure to have said Dodge transport under control and thus avert the accident. The facts disclosed that there was a collision between the Studebaker tractor which was operated by Humes and the Dodge transport which was operated by the defendant; that the collision occurred on Humes' side of the highway; that Humes burned to death as a result of the collision; and that there were no eye witnesses to the accident. At the close of plaintiff's evidence the defendant requested the court to instruct the jury to return a verdict for the defendant which motion was sustained. The only error presented in the *Pontiac* case was the action of the court in sustaining defendant's motion for directed verdict. This court, in confirming the trial court had this to say:

"The question to be determined on this appeal is whether or not the appellant's evidence presents facts which, with all reasonable inferences can be drawn therefrom and construed most favorable to it, could sustain a verdict for said appellant."

"It is our opinion that the evidence in this case most favorable to the appellant does not establish facts from which a jury could infer that the accident and the injury to appellant's agent were caused by any act of negligence on the part of appellee, which was the proximate cause of the injury complained of."

"It was not error for the trial court to instruct the jury to return a verdict for appellee."

It is our opinion that the *Pontiac* case can be distinguished from the case at bar in several respects. As we have stated before in this opinion, in addition to the evidence establishing the fact that a collision occurred and as to where the collision occurred, there is evidence in the subject case that the point of impact

was on Mr. Guthrey's side of the highway; evidence of skid marks; and evidence of debris on the highway. Also in this case, the appellee's decedent survived the accident to accuse the appellant of reckless driving which accusation was not denied by the appellant although the appellant was present in court at the time of the trial. Also in the subject case the jury deliberated on the evidence, as did the trial judge, and such evidence was not found wanting. These facts and circumstances were not present in the *Pontiac* case nor in the case of *Holtz* v. *Elgin* (1950), 121 Ind. App. 175, 98 N. E. 2d 245, both of which cases the appellant relies upon for the reversal of this cause.

The authority of a trial court in a proper case to direct a verdict is well established; however, it is our opinion that the evidence in this case does not support the directing of a verdict so as to acquit the appellant of negligence. The Supreme Court in the case of *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734, said the following:

> "When all the known physical conditions and circumstances surrounding an accident are proved as in this case and there are legitimate inferences that naturally follow therefrom that by a fair preponderance might convince reasonable persons that the collision was caused by defendant's neglect as alleged, while other equally reasonable persons might not be so convinced thereby a situation exists for solution by the jury only under proper instructions from the court. Under such circumstances it is error to give a peremptory instruction to find for the defendant."

Judgment affirmed.

Bierly, P. J., Kelley and Gonas, JJ., concurring.

NOTE.—Reported in 163 N. E. 2d 752.