PONTIAC-CHICAGO MOTOR EXPRESS COMPANY *v.* GEORGE CASSONS & SON ET AL.

[No. 16,494.   Filed May 27, 1941.]

*Arnold, Chipman & Degnan* and *Charles W. Dohnalek,* all of South Bend, for appellant.

*Parker, Crabill, Crumpacker, May, Carlisle & Beamer,* of South Bend, and *Anderson & Mayfield,* of Indianapolis, for appellees.

DEVOSS, P. J.—The appellant herein filed its complaint in one paragraph against the appellees in the St. Joseph Superior Court No. 2. The complaint was in subrogation by appellant on behalf of the insurance commissioner of Michigan for the State Accident Fund of Michigan, and seeks to recover from appellees the amount of money said accident fund has been compelled to pay, and will be required to pay in the future to Gertrude Humes, widow, Marcelline Humes and Vivien Humes, infant daughters of one Jay Humes, employee of appellant, who was alleged to have been killed in a collision, on state highway No. 2, between an eastbound Studebaker truck, operated by said Jay Humes, and a westbound motor transport, operated by appellee Elmer Buesser, as the servant of appellee George Cassons & Son.

It is alleged in the complaint that the death of said Jay Humes was directly and proximately due to the negligence of the defendants.

The specific acts of the negligence as charged in the complaint are as follows:

(1) Negligence of the defendants in operating the said Dodge transport onto their left side, and into and upon the southerly lane of travel of said public highway, then and there occupied at said time by the Studebaker tractor operated by the said Jay Humes.

(2) Failure of the said defendants to keep a proper lookout ahead so as to observe and, by appropriate action, directing the course of their transport to prevent the said Dodge transport from colliding with the said

Studebaker tractor being driven in the opposite direction on its proper lane of travel on said public highway.

(3) Failure of the said defendants to stop their said Dodge transport before striking the said Studebaker tractor, which said Jay Humes was then and there driving, and thus avoid the collision aforesaid.

(4) Failure and neglect on the part of the defendants in not directing the said Dodge transport to their right, and onto the northerly lane of travel of said public highway, upon approaching the said Studebaker tractor being driven by said Jay Humes.

(5) Failure on the part of the defendants to have their said Dodge transport then and there under control, and thus avert the happening of the accident aforesaid.

The issue was closed by a general denial filed by appellees, and the cause was submitted to a jury for trial. At the close of the plaintiff's evidence, upon request by appellees, the court gave to the jury a peremptory instruction directing the jury to return a verdict for appellees. Pursuant thereto, the jury returned a verdict for appellees, and the court rendered judgment thereon that appellant take nothing by its complaint. Motion for a new trial was filed by appellant and overruled by the court, and from that ruling this appeal is prosecuted.

The only error assigned in this court is that the trial court erred in overruling appellant's motion for a new trial. Three reasons are specified in the motion for a new trial, but only the first reason set out in said motion is relied upon for reversal, and the same is as follows: "(1) The court erred in giving to the jury at the close of plaintiff's case the peremptory instruction tendered by the defendants whereby the court directed the jury to return a verdict for defendants."

In passing upon a motion to direct a verdict for a defendant, the trial court will consider only that evidence which is favorable to the plaintiff, and will consider all reasonable inferences in favor of such plaintiff as may be reasonably drawn therefrom. If the evidence fails to establish some essential element of plaintiff's case, it then becomes the duty of the trial court to direct a verdict for defendants.

*Snyder* v. *New York Central Railroad Co.* (1936), 101 Ind. App. 258, 194 N. E. 796; also *Farmers and M. Bank* v. *Peoples T. & S. Bank* (1936), 101 Ind. App. 474, 199 N. E. 892; *Dunnington* v. *Syfers* (1901), 157 Ind. 458, 62 N. E. 29.

Inferences to be drawn in favor of plaintiff by the trial court, in passing upon a motion to direct a verdict for the defendant, must be reasonable ones and not based on mere conjecture or speculation.

*Purcell* v. *English* (1882), 86 Ind. 34; *Orey* v. *Mutual Life Insurance Co. of N. Y.* (1939), 215 Ind. 305, 19 N. E. (2d) 547.

To entitle the plaintiff to recover herein, it was necessary that it establish by evidence or by reasonable inference therefrom, one or more of the specific acts of negligence by appellee, as charged in the complaint, and that such negligence was the proximate cause of the injury.

There is no controversy about the fact that a collision occurred between the trucks of appellee and appellant at about 1:30 a. m. on October 9, 1936, on state Road No. 2, two and one-half miles west of the city of South Bend, at which point said highway extends approximately straight east and west, and is paved to a width of eighteen feet, with a black line marking the center of the pavement and dividing east and west bound traf-

fic.   At the time of the collision, the night was clear and the pavement was dry.   A number of residents in the neighborhood of the collision, after hearing the crash, went to the scene of the accident, arriving there from four to thirty minutes after hearing the crash. Immediately after the accident, both cars burst into flames.   Appellant's car was a Studebaker, to which was attached a semi-trailer; and appellee's automobile was a Dodge motor transport consisting of a tractor and a trailer loaded with automobiles.

The driver of appellant's car was burned to death in the flames, and appellee Buesser escaped therefrom. No eyewitnesses to the accident testified relative thereto. The left front wheel of appellee's car, the Dodge transport, and the left side of the transport, after the accident occurred, were found to be from five to seven inches south of the black center line in said pavement; and the tractor angled slightly to the southwest.   The Studebaker automobile and trailer were located on the south side of the pavement, south of the center line thereof, in a straight east and west position with the right front wheel from eight to fourteen inches south of the south edge of the pavement, and the left front wheel in about the center of the south half of the pavement. The rear ends of both trailers were opposite each other, north and south, and were approximately eleven feet apart; the left front wheel of the Dodge was bent in, and the Studebaker had its left cab door off.

The only evidence from which a jury could infer negligence on the part of appellees is from the physical facts as they appeared after the accident.   The cars were standing still when the first witness arrived at the scene, and neither moved thereafter until they were removed several hours later.   There were no tracks on

the pavement to indicate where either of the cars was at the time of collision.

The question to be determined on this appeal is whether or not appellant's evidence presents facts which, with all reasonable inferences to be drawn therefrom and construed most favorable to it, could sustain a verdict for said appellant.

Would it be a reasonable inference to say from the evidence that appellee's truck was operated on the south side of the center of the highway at the time of the accident, and that such operation of the car was the proximate cause of the injury merely because it was found, after the accident, to be from five to seven inches south of such center line, and west of appellant's truck? We do not think the facts established would warrant the jury to infer that appellee was negligent and that such negligence was the proximate cause of the accident.

In the case of *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 33 N. E. 1028, the Supreme Court of Indiana said, "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) A failure by the defendant to perform that duty; and (3) An injury to the plaintiff from such failure of the defendant . . . The absence of any one of these elements renders a complaint bad or the evidence insufficient."

It is our opinion that the evidence in this case most favorable to the appellant does not establish facts from which a jury could infer that the accident and the injury to appellant's agent were caused by any act of negligence, on the part of appellee, which was the proximate cause of the injury complained of.

It was not error for the trial court to instruct the jury to return a verdict for appellee.

Judgment affirmed.

NOTE.—Reported in 34 N. E. (2d) 171.