## SCUTCHFIELD v. KULL AND POWERS.

[No. 20,045. Filed November 18, 1965.]

*Stevens and Wampler* and *Don F. Kitch* and *George F. Stevens,* of Plymouth, for appellant.

*Roland Obenchain, Jr., Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, and *Albert B. Chipman* and *Chipman & Chipman,* of Plymouth, for appellees.

BIERLY, C. J.—Appellant, Burlie Scutchfield, commenced this action in the Marshall Circuit Court, Marshall County,

Indiana, against appellee, Dr. Albert F. Kull, an osteopathic physician and surgeon, located and practicing in South Bend, Indiana, and against defendant below, Dr. Duane Powers, a practicing osteopathic physician located at Culver, Indiana. This action sought to recover damages sustained by appellant resulting from certain alleged acts of malpractice on the part of the defendants in performing an operation.

Plaintiff-appellant alleged in his complaint that in August, 1958 he suffered from a hernia and hydrocele and consulted defendant, Dr. Duane Powers, for treatment; that Dr. Powers prescribed treatments from said time until March, 1959, when he was advised by Dr. Powers to enter the Osteopathic Hospital in South Bend, and undergo an operation for the correction of the hernia and the removal of the hydrocele; that plaintiff and defendant Powers employed Dr. Albert F. Kull to assist Powers in the correction of said hernia and the removal of the hydrocele. Although Dr. Powers was named an appellee herein, however, he is not to be involved in this appeal.

Appellant in his complaint, insofar as it concerned appellee, Albert F. Kull, alleged that said appellee undertook to correct a hernia and to remove a hydrocele and to care for and attend the appellant; that appellee was negligent and unskillful in conducting the operation and that, as a direct and proximate result of the conduct of appellee, the appellant is unable to work and go about his business and he has been rendered impotent as a result thereof. It was further alleged that a spinal block was administered in such an unskillful manner that the appellant suffers continuous back pains.

Appellee filed answer in compliance with Rule 1-3 of the Supreme Court and the case was submitted to trial before a jury.

Appellant brought forth evidence to establish that appellee, Kull, performed the operation and that he was negligent in such performance. Appellee, Kull, moved for a directed ver-

dict at the close of appellant's evidence, which motion was overruled. Appellee then introduced evidence to prove that he was not the surgeon who performed the operation. At the close of all the evidence appellee renewed his motion for a directed verdict in his behalf. The trial court sustained appellee's motion and gave Mandatory Instruction "C": "The jury is instructed to return its verdict for the defendant, Kull, on the plaintiff's complaint."

The paramount issue in this appeal is whether or not the trial court erred in sustaining appellee Kull's motion for a directed verdict.

In *Garr* v. *Blissmer et al.* (1962), 132 Ind. App. 635, 641, 177 N. E. 2d 913 (transfer denied), this court approved the language set forth in 28 West's Indiana Law Encyclopedia, *Trial,* § 137, pp. 133, 134, 135, which states that it is improper for the court to direct a peremptory instruction for defendant when:

" 'A court should not give a peremptory instruction for the defendant unless there is a total absence of evidence or reasonable inference on at least one essential element of the plaintiff's case, or unless there is no conflict in the evidence and it is susceptible of but one inference which precludes recovery. It is only when the plaintiff fails to make a case, so that it would be the duty of the trial court, or of a higher court on appeal, to set aside the verdict as not being supported by any competent evidence on some material point, that a verdict for the defendants should be directed.'
" 'Where there is some or any evidence which with all its reasonable inference and intendment fairly tends to prove the plaintiff's case, a peremptory instruction in favor of the defendant should not be given. The court cannot give a peremptory instruction for the defendant where there is some competent evidence to sustain a verdict for the plaintiff.'
" 'It is improper for the court to instruct the jury to return a verdict for the defendant when the facts established by the evidence are such that to warrant such conclusion by the court, the court would have to weigh the evidence or judge as to the credibility of the witnesses.' (Citations omitted.)"

Although the evidence offered by appellant to establish that Dr. Kull performed the surgery was by necessity circumstantial evidence, it is well established that essential or ultimate facts may be established by circumstantial evidence; direct evidence is not necessary. *Prudential Ins. Co. of America* v. *VanWey* (1945), 223 Ind. 198, 59 N. E. 2d 721.

The record shows that in the fall of 1958 appellant was suffering from a hernia and a hydrocele. Appellant consulted Dr. Powers and after a series of treatments Dr. Powers recommended surgery at the Osteopathic Hospital in South Bend, Indiana, of which Dr. Kull was the Superintendent. Appellant was admitted to the hospital on March 9, 1959 and, at that time, appellee Kull informed appellant that he would perform the operation and described the operative process. On the morning of the operation appellant was unable to recognize anyone in the operating room with the exception of Dr. Powers. Following the surgery, Dr. Powers sent appellant a bill for surgical services in the sum of $150.00; that in payment of this bill, the All America Life & Casualty Company issued a check in the amount of $150.00 made payable to Dr. Albert F. Kull and Dr. E. D. Powers, which check was endorsed by Dr. Powers and Dr. Kull.

Dr. Duane Powers was called as a witness for appellee Kull and testified, in essence, that he was in the operating room at the time the surgery was performed; that Dr. Kull did not perform the surgery; that, instead, the operation was performed by Dr. Johnston; and that he was acquainted with both Dr. Kull and Dr. Johnston and was able to identify Dr. Johnston as the operating surgeon.

Under the rules of the *Garr case, supra,* and in light of the fact there was evidence that on the afternoon before the surgery was performed, appellee, Kull, expressed his intention to perform the surgery; that a statement of charges for surgery performed was sent to appellant on behalf of both

Kull and Powers; and that a check, made payable to both Powers and Kull was subsequently endorsed by them; therefore, we conclude that the trial court invaded the province of the jury in directing a verdict for appellee, Kull.

In directing a verdict for appellee, Kull, it was necessary for the trial court to weigh the credibility of the witnesses and consider the weight to be accorded the evidence presented. As the evidence presented by appellant would at least permit a legitimate inference that appellee, Kull, performed the surgery, appellant was entitled to have a jury determine the credibility of the witnesses and the weight to be given the evidence, and, thence, to decide the facts accordingly.

Judgment reversed and said cause remanded to the trial court for further proceedings not inconsistent with this opinion.[1]

Hunter, Mote and Smith, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 260.

---

1. The original opinion in this cause was filed September 23, 1965, affirming the judgment of the trial court. Appellant filed a petition for rehearing on October 8, 1965, which was denied on October 18, 1965. On October 28, 1965, the court withdrew its denial of appellant's petition for rehearing.

On reconsideration, the above opinion supplants the original opinion filed September 23, 1965.