HUNNICUTT *v.* BOUGHNER, BY NEXT FRIEND.

[No. 20,663. Filed November 28, 1967. Rehearing Denied January 2, 1968. Transfer Denied February 21, 1968.]

*James W. Bowers,* and *Palmer, Bowers & Brewer,* of Huntington, and *Lawrence McTurnan* and *Bredell, Martin & McTurnan,* of Indianapolis, for appellant.

*Benjamin Piser,* and *Piser & Cox,* of South Bend, for appellee.

BIERLY, J.—This appeal was commenced in the Huntington Circuit Court by appellee's filing her complaint which alleged negligence on six (6) counts on appellant's part. These are as follows:

"(a)   Failure to have and maintain a reasonable lookout in order to discover the presence of persons on or near but off the main-traveled portion of said highway, and particularly the plaintiff Terri Ellen Boughner.

"(b)   Failure to slow or stop said automobile in order to avoid colliding with persons on or near but off the main-traveled portion of said highway, and particularly the plaintiff Terri Ellen Boughner.

"(c)   Proceeding at a rate of speed greater than reasonable and prudent having regard to the actual and potential hazards existing, including particularly traffic conditions on said State Road No. 218 and said Salamonie River Bridge, and with further particular reference to the presence of small children including the plaintiff Terri Ellen Boughner.

"(d)   Failure to have and maintain reasonable and proper control over said vehicle in order to avoid striking persons on or near but off the main traveled portion of said highway, and particularly the plaintiff Terri Ellen Boughner.

"(e)   Failure to sound a horn or give other audible warning of the presence of said automobile which in the circumstances prevailing it was reasonably necessary to do so in order to insure safe operation of said automobile.

"(f)   Abruptly turning said vehicle off a direct course down the main-traveled portion of said highway and onto the right side thereof without first having ascertained whether it was reasonably safe to do so."

Trial was had by court, without the intervention of a jury, and the court returned a judgment for the plaintiff in the sum of $35,685.00.

Appellant's sole assignment of error is that the trial court erred in overruling his motion for a new trial. All the

specifications in said motion raise but one question; was there sufficient evidence to sustain the judgment?

In the case of *Kelly* v. *Davidson et al.* (1958), 129 Ind. App. 384, 392, 154 N. E. 2d 888, this court stated the following rules in regard to appeals of this nature:

> "Our court has many times held that it is well settled that a decision or finding must be based upon the proven facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation.
>
> "Evidence sufficient to sustain a judgment must be substantial evidence with probative value.
>
> " 'By probative value we mean evidence 'carrying quality of proof and having fitness to induce conviction' '."

Appellee presents a statement of the evidence most favorable to his position. Inasmuch as there were no eyewitnesses to the occurrence we feel it necessary to set out a portion of this statement as follows:

> "Appellant drove onto the Salamonie River Bridge but did not see an approaching automobile until he was halfway through the bridge. Appellant passed the other automobile 30 to 40 feet from the north end of the bridge. After the automobile passed, appellant testified that he moved back to the left and drove straight ahead or maybe a little to the left. He claimed to have been 2 or 3 feet east of the centerline as he left the end of the bridge. His speed was 15 to 20 miles per hour as he left the bridge. Appellant didn't know whether he had one or two hands on the steering wheel. Appellant claimed he looked straight ahead but didn't see anyone. He didn't look to the side. As appellant left the bridge he heard a thud or impact and thought he had hit the bridge. Appellant testified he let up on his accelerator and looked into the rear view mirror after the impact. Appellant had proceeded north about 60 to 65 feet when he saw Terri in his rear view mirror. Appellant did not sound his horn."

We have reviewed the record before us and are of the opinion that there is no evidence of a probative value to sus-

tain the judgment on any of the six (6) specifications of negligence. We feel it would unduly burden this opinion to go into a lengthy recital of the evidence inasmuch as the same fails to sustain any of the counts of negligence. Suffice it to say that there is a total lack of evidence of probative value which would give rise to the existence of any duty to be performed on the appellant's part.

For these reasons we are of the opinion that the judgment of the trial court should be reversed and a new trial ordered.

Judgment reversed and a new trial ordered.

Pfaff, C. J., Cook and Smith, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 159.