METROPOLITAN BOARD OF ZONING APPEALS OF
MARION COUNTY *v.* SCHABLER ET AL.

[No. 20,649. Filed August 27, 1968. No Petition for Rehearing filed.]

*William B. Patrick* and *Joseph A. Ransel, Jr.,* of Indianapolis, for appellant.

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellees.

CARSON, C. J.— This case comes to us from Marion Superior Court, Room 1, which court, in considering a petition for a writ of certiorari filed by the appellees and the returns thereto filed by the appellants, reversed the decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, which denied appellees' application for a variance of use.

The record in this case discloses that the appellant filed its brief; that no oral argument was requested; and that no answer brief was filed by the appellees.

The principle requiring application in this instance has recently been declared well established in two opinions of this court: *Harrington v. Hartman* (1968), 142 Ind. App. 87,

233 N. E. 2d 189, 12 Ind. Dec. 544; *Combs v. Hyden* (1968), 142 Ind. App. 426, 235 N. E. 2d 77, 13 Ind. Dec. 521.

It was therein stated that where appellant's brief makes a *prima facie* showing of reversible error and appellee has failed to file an answer brief, such failure may be taken as a confession of error. This court is not required to perform the duties of counsel and where appellant has demonstrated *prima facie* ground for reversal, the cause may be reversed without prejudice to either party.

A careful examination of the appellant's brief demonstrates that the appellant, in its motion for a new trial, set up twenty-nine (29) specifications of error, some of which raised jurisdictional questions. The assignment of error in this court is the overruling of appellant's motion for a new trial. Appellant has cogently argued and supported by authorities the points set out in the motion for a new trial, none of which have been answered by the appellees; and which considered by this court do, in our opinion, establish a *prima facie* showing of reversible error.

Under the authorities of the above cases, and of *Newton v. Hunt* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Lunsford v. Maida* (1957), 127 Ind. App. 236, 140 N. E. 2d 762; and *Roth v. Vandalia Railroad Co.* (1919), 187 Ind. 302, 119 N. E. 1; we, therefore, reverse and remand this cause, without prejudice, with instructions to the trial court to sustain appellant's motion for a new trial.

Judgment reversed.

Cooper, Faulconer, and Prime, J.J., concur.

NOTE.—Reported in 239 N. E. 2d 599.