MITCHELL, SPECIAL ADMX. OF ESTATE OF RONALD L. MITCHELL *v.* LAWSON.

[No. 668A107. Filed July 24, 1969.]

*William D. Hall, Hall & Pace,* of Indianapolis, for appellant.

*Robert G. Lawson, pro se.*

CARSON, J.—This is an appeal from Marion Superior Court, Room 5, wherein the appellant, Special Administratrix of the Estate of Ronald L. Mitchell brought an action against Robert G. Lawson for the alleged wrongful death of the appellant's husband. The death was alleged to have been the result of an accident between the appellant's deceased husband and the defendant-appellee at a stop light at 30th Street and Fall Creek Parkway, North Drive, Indianapolis, Indiana.

The appellee has not filed a brief in this case and we therefore must apply the rule that if the appellant establishes a *prima facie* case of reversible error, it is the duty of this court to reverse. *Harrington* v. *Hartman* (1968), 142 Ind. App. 87, 233 N. E. 2d 189, 12 Ind. Dec. 544;

and, *Metropolitan Board of Zoning Appeals of Marion County, etc.* v. *Louis Schabler, et al.* (1968), 143 Ind. App. 263, 239 N. E. 2d 599, 15 Ind. Dec. 238.

The appellant states the issues to be:

"(a) Whether or not appellee negligently and carelessly drove into the intersection of 30th Street and Fall Creek Parkway, North Drive, Indianapolis, Indiana, against the red light, in such manner that the left front portion of his car collided violently with the right rear portion of the car the decedent, Ronald L. Mitchell, was driving, directly and proximately causing him to be thrown out and killed.

"(b) Whether or not the decedent was guilty of contributory negligence in his failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, and whether he died as a result of such failure."

The trial was by jury which returned a verdict for the defendant-appellee and the court rendered consistent judgment thereon. From this judgment, the plaintiff-appellant appealed and timely filed a motion for a new trial which in pertinent part reads as follows:

"(1) The verdict and the finding, decision, and judgment of the Court were not sustained by sufficient evidence and are contrary to law, and that the defendant did not sustain the burden of proof by a preponderance of the evidence on his special defense of contributory negligence."

The remaining specifications of said Motion, being Nos. 2 through 7 inclusive, present nothing for our consideration since they are not within the language of the statute specifying the grounds for a motion for a new trial. *American National Bank and Trust Co.* v. *Hines* (1968), 143 Ind. App. 217, 239 N. E. 2d 589, (transfer denied).

The first part of Specification No. 1, to the effect that the verdict was not sustained by sufficient evidence, presents no

question for our consideration since this is an appeal from a negative verdict. *Hinds* v. *McNair* (1955), 235 Ind. 34, 129 N. E. 2d 795.

The second and third parts of Specification No. 1, to the effect that the verdict and the finding, decision and judgment of the court are contrary to law and that the defendant did not sustain the burden of proof by a preponderance of the evidence on his special defense of contributory negligence, are not available on appeal because when two or more alleged reasons for a new trial are assigned jointly, or in gross, in the motion as one of the causes for a new trial, all such reasons must be good, or such assignment of cause will not be available on appeal. *Harrod, Adm.* v. *The State, ex rel. Meloy* (1899), 24 Ind. App. 159, 168, 55 N. E. 242; and *Seivers* v. *Peters Box Co.* (1898), 151 Ind. 652, 663, 50 N. E. 877. Because the first part of Specification No. 1 is not good, the second and third parts are not available on appeal.

The major portion of the appellant's argument supports the propositions which, as heretofore pointed out, have not been properly assigned under the statute and are therefore not before us for consideration.

This case was, in our opinion, fully and fairly tried by a jury that arrived at a correct verdict, and the appellant has failed to demonstrate to this court, errors, which establish *prima facie* grounds for reversal.

Judgment affirmed. Costs v. appellant.

Lowdermilk, P. J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 259.