## HARTER *v.* BRINDLE.

[No. 568A91. Filed October 14, 1969. No petitions for rehearing or transfer filed.]

*William F. McNagny, Robert L. Thompson, Jr.,* and *Barrett, Barrett & McNagny,* of counsel, all of Fort Wayne, for appellant.

*Jerrald A. Crowell, Bowman and Crowell,* of Fort Wayne, for appellee.

CARSON, J.—This is an appeal from a judgment of the De-Kalb Circuit Court wherein the following issues were present. The plaintiff's complaint alleges that on the date of the accident the plaintiff was driving north on a public highway in the City of Fort Wayne, Indiana, at a point where Sherman Street intersects with another public highway known as West State Street; that the defendant was driving in the same direction and approaching the plaintiff's automobile from the rear; that there was an electric traffic signal at the intersection, and; that it was in operation on the date in question; that as the plaintiff approached the intersection, the signal exhibited a red light to all traffic moving north in the direction in which the plaintiff was driving; that the plaintiff brought his automobile to a stop; that the defendant carelessly and negligently drove his automobile into and against the rear of the plaintiff's automobile by reason of which the plaintiff was thrown against the rear seat, the steering wheel and the left door and suffered severe injury.

As specific acts of negligence, the plaintiff charged the defendant with:

(a) carelessly and negligently failing to keep and maintain a lookout;

(b) the defendant carelessly and negligently failed to keep and maintain the brakes on his automobile in good working condition;

(c) the defendant carelessly and negligently failed to apply his brakes in time to avoid striking plaintiff's automobile;

(d) the defendant carelessly and negligently drove his automobile at a dangerous rate of speed in approaching said signal and intersection, to-wit: 20 MPH;

(e) the defendant carelessly and negligently failed to slow the speed of his automobile in approaching the plaintiff's automobile.

Plaintiff alleges that by reason of such acts of negligence, the plaintiff was injured and that said injuries were caused by such negligence and concluded with an allegation that the plaintiff had been damaged in the amount of Fifty Thousand ($50,000.00) Dollars, and judgment was demanded in a consistent amount.

To this complaint, the defendant filed an answer in admission and denial under Rule 1-3 of the Rules of the Supreme Court of the State of Indiana.

In that portion of the defendant's answer denying the allegations of the plaintiff's complaint, the defendant denied that the traffic signal was plainly visible; he denied that the signal was red as alleged by the plaintiff but, says that the light was green and that just as the plaintiff was preparing to make a right turn, at the intersection, after he had partially entered the same, the light turned amber and the plaintiff, without warning, applied his brakes and brought his automobile to an abrupt stop without warning to the traffic in his rear.

Upon the issues thus formed by the plaintiff's complaint and the defendant's answer, the cause was submitted to trial by jury. The jury returned a verdict for the plaintiff in the amount of Nine Thousand, Five Hundred ($9,500.00) Dollars, and consistent judgment was entered thereon by the Judge of the DeKalb Circuit Court. The defendant filed a motion for

a new trial alleging specifically, four grounds which read as follows:

"1. The verdict of the jury is excessive.

"2. Error in the assessment of the amount of recovery in this, that the amount is too large.

"3. The verdict of the jury is contrary to law.

"4. Error of law occurring at the trial as follows:

"(a) The court erred in refusing to give to the jury at the request of the Defendant each of the written instructions tendered by him and numbered 7 and 12.

"(b) The court erred in giving to the jury, at the request of the Plaintiff, Court's Instruction No. 14; to the giving of which the Defendant duly objected within the proper time by dictating to the Court Reporter his objections to Plaintiff's Instruction No. 8 which was the number given such instruction when served on the Defendant and at the time the Defendant made his objections under Rule 1-7.

"(c) The court erred in overruling the objection of the Defendant to each of the following questions propounded by the Plaintiff during the direct examination of Stanley Levine, a witness called on behalf of the Plaintiff and admitting the answers thereto in evidence which questions objections, answers and the rulings of the court thereon are in the following words:

" 'Q. Did you ever confer with Mr. Brindle, or did you talk to him?

A. As neighbors talk, yes.

Q. How often would this be?

A. At least once a week. Whenever he and I happened to be there at the same time.

Q. During any of these conversations, did Mr. Brindle complain to you about any physical condition that he might have?

MR. McNAGNY:

We'll object to that on the basis that its hearsay.

THE COURT:

Objection is overruled.

A. Yes, he did.

Q. Do you recall when he complained to you, on how many occasions?

MR. McNAGNY:

Would you show a continuing objection, please.

THE COURT:

Yes, show the objection continued to each question.

A. I would say that I would speak to Mr. Brindle about once a week. As I say, not on a regular basis, whenever he and I would happen to be there at the same time, and I couldn't say with what frequency. We'd pass the time of day by saying "How are you doing" or something like that, and it was to a question like that that I would get into this conversation as to his physical condition.

Q. And what did he say regarding his physical condition to you?

A. Well, his answer always to my question of 'How are you doing, Ed" would be "not so good," and he would complain that his back was bothering him, and that he was uncomfortable.'

\* \* \*

'Q. Mr. Levine, these conversations that you had regarding these complaints that you just testified to, were these in any professional capacity?

A. No, I've never been employed by Mr. Brindle, or on any relationship other than neighbor—friend—but no, no professional relationship.' "

The sole assignment of error is the overruling of the motion for a new trial.

We shall consider the specifications enumerated in the appellant's motion for a new trial in the order in which they appear in said motion.

Specification Nos. 1 and 2, require us to consider the evidence and all reasonable inferences that can be derived therefrom, favorable to the appellee. Unless it can be determined from the record that the verdict of the jury, in arriving at the damages assessed is so excessive that we can conclude that the jury was motivated by passion, prejudice, partiality or corruption or considered some improper element, the verdict of the jury will not be disturbed. We do not think that the appellant has demonstrated that the

verdict of the jury is so excessive as to meet this test and further, a consideration of the evidence indicates to us that it was adequate to support the verdict of the jury.

Specification No. 3, that the verdict of the jury is contrary to law, requires us to apply the rule stated in *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N. E. 2d 669; and *Hinds, Executor* v. *McNair* (1956), 235 Ind. 34, 129 N. E. 2d 553, wherein our Supreme Court, quoting from *Pokraka* v. *Lummus, supra,* said:

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

In considering all of the evidence and the inferences that may be drawn therefrom, favorable to the appellee and applying the above test, we conclude that reasonable-minded men would not have arrived at a result different from that arrived at by the jury. With respect to Specification No. 4 (a), the appellant has not argued and cited authorities in support of this assignment and therefore under Supreme Court Rule 2-17 (h), the same is waived.

Specification No. 4 (b), in our opinion, is not supported by the record. We have examined the evidence produced at the trial by both the appellant and the appellee. The record discloses that there was evidence developed by the appellee, and further emphasized by the appellant in cross-examination, and followed by evidence introduced by the appellant in support of appellant's defense, from all of which evidence it can be logically inferred that the issues covered by Instruction No. 14 were before the jury. It is true that the issues covered by this instruction were not directly raised by the pleadings, but the Supreme Court has previously held that, if there was evidence upon the issue before the jury, the pleadings are deemed amended. *Morrison's Southern Plaza Corp.* v.

*Southern Plaza* (1969), 252 Ind. 109, at pages 121, 122, 246 N. E. 2d 191, at page 198:

> " '*No judgment shall be stayed or reversed,* in whole or in part, by the Supreme Court, *for any defect in form, variance or imperfections contained in the record, pleadings,* process, entries, returns, or other proceedings therein, *which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court.*' " (Their emphasis.)

> "A trial court cannot be reversed on appeal for any defect in form or variance 'that could have been amended by [that] court. Therefore, the issue becomes whether or not the lower court might have amended the complaint to conform to the evidence.' *General Outdoor Advertising Co.* v. *La Salle Realty Corp.* (1966), 141 Ind. App. 247, 218 N. E. 2d 141, 144."

The matter was fully discussed in *New York Central Railroad Co.* v. *Knoll* (1965), 140 Ind. App. 264, at page 266, 204 N. E. 2d 220, [Transfer denied February 6, 1967.], at page 222:

> "The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in the evidence of the trial. (Citations omitted.)

> "In considering the effect of an erroneous instruction, we must assume that the error influenced the result, unless it appears from the evidence, or by some part of the record, such error did not affect the results, and that the verdict under proper instructions could not have been different." (Citations omitted.)

See also: *Ring* v. *Ring* (1961), 131 Ind. App. 623, 174 N. E. 2d 58, at page 630:

> "Instructions are expositions to the jury by the trial court of the principles of law applicable in the particular case, which it is bound to apply in such case, and the purpose of which is to advise the jury of the particular question or questions they are to determine and to guide them in the application of the correct principles of law to the facts before them. 28 I.L.E. *Trial* §§ 151-152.

"A careful examination of the instructions complained of leads us to the conclusion that when considered with all the other instructions given, as we must do, that in essence they were correct expositions of the applicable law and did not invade the province of the jury. Appellant further asserts that such instructions are mandatory and omit an essential fact.

"This, if true, could not be cured by supplying such omission from another instruction, and would require reversal. *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N. E. 2d 816. However, a scrutiny of these instructions does not force us to reach the same conclusion. We fail to find from the appellant's objection thereto wherein by the record he affirmatively shows prejudicial error."

Applying this test, we conclude that the defendant-appellant was not harmed by the giving of Instruction No. 14.

Specification No. 4 (c) deals with the introduction of evidence to which the defendant-appellant objected on the ground that it was hearsay. This objection was proper and well taken, however, the record discloses that this evidence was merely cumulative of other evidence introduced by the plaintiff-appellee, by other witnesses and by medical testimony. The appellant has not convinced us that the verdict of the jury would have been otherwise if this evidence had been excluded. It is our opinion that the verdict of the jury and the judgment of the court should be affirmed.

Judgment affirmed. Costs v. appellant.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 590.