St. Joseph Bank and Trust Co. v. Putman and Cripe D/B/A C. & P. Oil Co.

[No. 369A44. Filed December 3, 1969. Rehearing denied January 7, 1970. Transfer denied April 6, 1970.]

56

*Milton A. Johnson, Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellant.

*Joseph D. Schmitt,* of South Bend, for appellees.

SULLIVAN, J.—Appellees, plaintiffs below, filed their complaint for property damage against appellant, as executor of the Estate of Charles Fulwider, who died in the vehicle collision from which this action arose. Following trial to a jury in which defendant presented no evidence and judgment was entered for plaintiffs-appellees in the sum of $9,675.00 and costs, appellant filed its motion for new trial, the overruling of which is assigned as error upon appeal.

The evidence introduced below during plaintiffs' case in chief is as follows: On July 9, 1962, a dry, clear summer day, appellee Putman was operating and was alone in a gasoline tank truck owned by appellees. At a time between noon and 1:00 P.M. Putman was seen driving the truck north on newly blacktopped State Road 13 in Elkhart County approximately one-half (½) mile south of and approaching its right-angle intersection with an east-west county black top road, County Road 38, near Millersburg, Indiana. There is no dispute that at approximately 12:50 P.M. on said date, a Cadillac automobile occupied by decedent Charles Fulwider and his wife, Neva, collided with appellee's truck at said intersection. The intersection in question was straight and level in both directions. A "stop ahead" stationary sign was located one hundred forty-three (143) feet west of State Road 13 for traffic proceeding east on County Road 38. Twelve (12) feet west of the intersection a "stop" sign was located for County Road 38 eastbound vehicles. There were no traffic control signs or signals on State Road 13 near or at the intersection for north or south bound traffic.

Following the collision, dual wheel skid marks (the truck had dual rear wheels), 32 feet 4 inches in length were noted within the north bound lane on State Road 13 approximately twenty-one (21) feet south of the approximate center of County Road 38. Fresh gouge marks in the blacktop and pieces of chrome, glass and other debris were found entirely in the northbound lane of State Road 13 at the center of County Road 38.

There were no skid marks on County Road 38 west of State Road 13. Skid and gouge marks, uprooted grass and other matter indicated both vehicles moved, after impact, in a general northeasterly direction to points just off the east edge of State Road 13, forty-four (44) and fifty (50) feet respectively, north of the center of County Road 38. The truck came to rest upside down partially on top of the Cadillac, both vehicles facing in a general southerly direction.

The right or passenger side of the Cadillac was damaged. It had no front or left side damage. Appellee's truck had front end damage indicating a left to right or west to east force applied thereto.

Mrs. Fulwider was dead when she was extricated from beneath the dashboard on the passenger side of the Cadillac. Mr. Fulwider was on the driver's side of the vehicle and died moments after being removed therefrom.

Appellee Putman was precluded from testifying at the trial by the Dead Man's Statute, Indiana Acts 1881, ch. 38, § 276 (Spec. Sess.), found in Indiana Annotated Statutes § 2-1715 (Burns 1968 Repl.), therefore all of the evidence regarding the incident was necessarily circumstantial.

Paragraph 6 of the complaint alleges the following acts of negligence on the part of Fulwider:

"a)  Failing to stop for a duly posted stop sign on County Road 38 before entering its intersection with Indiana Route 13.

"b)  Failing to yield the right of way to the truck of the plaintiffs' which was to his right and close enough to constitute an immediate hazard if he failed to so yield.

"c)  Failing to have and maintain a proper lookout for other automobiles lawfully upon Indiana Route 13 and in particular, the truck of the plaintiffs'.

"d)  Failing to have and maintain his automobile under proper operating control so as to avoid colliding with the truck of the plaintiffs'.

"e)  Driving his automobile at a rate of speed which was excessive for conditions then and there existing, to-wit: 40 m.p.h."

The specifications of the motion for new trial are as follows:

"1. The verdict of the jury is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. Error of law occurring at the trial as follows:

"A. The court erred in refusing to withdraw specifications of negligence contained in rhetorical paragraphs 6(b), 6(c), 6(d) and 6(e) on the ground that there was no evidence of any such actions on the part of the defendant's decedent.

"B. The Court erred in giving to the jury, at the request of the plaintiff, the plaintiff's instructions numbered 1, 3, 4, 5 as amended, and 6 as amended, and to the giving of each of which instructions, the defendant duly objected within the proper time before argument.

"C. The Court erred in refusing to give to the jury, at the request of the defendant, each of the written instructions tendered and requested by the defendant and numbered, 2, 4 and 10.

"4. The Court erred in overruling defendant's motion made at the close of plaintiff's evidence to instruct the jury to return a verdict for the defendant.

"5. The Court erred in overruling defendant's motion made at the close of all the evidence to instruct the jury to return a verdict for the defendant."

As argued by appellant, specifications numbered 1, 2, 3A, 4 and 5 of the motion for new trial, all concern the matter of the sufficiency of the plaintiffs' evidence insofar as it supports the verdict and judgment and more specifically, insofar as such evidence supports allegations of negligence 6(b), (c), (d) and (e) as contained in plaintiffs' complaint. The allegations concerning the failure of appellant's decedent to stop his vehicle at a duly posted stop sign, being paragraph 6(a) of the complaint, was withdrawn from the consideration of the jury.

It must be observed at the outset that it was not incumbent upon appellees to prove more than one allegation of negligence

nor need such proof have been made by direct evidence. *Beem* v. *Steel* (1967), 140 Ind. App. 512, 224 N. E. 2d 61; *Ricks* v. *Emery* (1962), 134 Ind. App. 182, 185 N. E. 2d 546; *Burks* v. *Walters* (1957), 127 Ind. App. 358, 141 N. E. 2d 872. Just as any other fact, negligence may be established by physical facts or circumstances. All facts surrounding the accident, together with the reasonable inferences to be drawn therefrom, must be considered in determining whether such fact is established by sufficient evidence. *New York, Chicago and St. Louis R.R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531; *Cerra* v. *McClanahan* (1967), 141 Ind. App. 469, 229 N. E. 2d 737; *Scutchfield* v. *Kull* (1965), 138 Ind. App. 49, 210 N. E. 2d 260; 3 I.L.E. *Automobiles* § 117, p. 476.

As stated in 12 Blashfield, Automobile Law & Practice (3d ed. 1969), Section 437.5:

"It is not essential that eyewitnesses of the accident be produced nor that negligence be shown by direct testimony. Circumstantial evidence may constitute adequate proof of negligence. * * * "

Even more specifically to the point, the same treatise at Section 437.6 states:

"* * * The physical facts of an automobile collision may be sufficiently clear to enable the triers of fact to form a judgment of how the collision occurred and who was at fault, although there was no eyewitness to the collision."

See also *Ruspantini* v. *Steffek* (1953), 414 Ill. 70, 110 N. E. 2d 198.

Moreover, with reference to specification 3A of the motion for new trial it should be pointed out that if the evidence would permit reasonable men to differ as to whether or not the appellant's decedent committed any *one* of such acts alleged as negligence and if reasonable men could differ as to whether or not such act was, in fact, negligent then refusal of the court to withdraw any other of the

four specifications of negligence cannot serve as grounds for reversal. See *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. 2d 933; *Mitchell* v. *Lawson* (1969), 145 Ind. App. 141, 250 N. E. 2d 259.

This court will not disturb the decision or verdict of the jury unless it is apparent from the record that there is a total lack of evidence of probative value to sustain some material element essential to the plaintiffs' recovery. *Cauldwell, Inc.* v. *Patterson* (1961), 133 Ind. App. 138, 177 N. E. 2d 490. Only if the evidence here was without conflict and could lead only to the conclusion that plaintiffs were not entitled to recover may we set aside the verdict and judgment on the basis that the evidence was insufficient. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Harter* v. *Brindle* (1969), 145 Ind. App. 411, 251 N. E. 2d 590.

The evidence permits of only two possible courses of travel on the part of defendant-appellant's decedent immediately prior to impact. The Cadillac either entered the intersection from west to east from County Road 38 directly in front of plaintiff's tank truck, in which case allegations 6(b) and 6(c) of plaintiffs' complaint, are rationally supported, or the vehicle executed a left turn travelling from the north on State Road 13 to the east onto County Road 38 in which case the left turn was made directly in front of plaintiff's vehicle when said truck was so close as to constitute an immediate hazard which circumstance would likewise support negligence as alleged rhetorical paragraphs 6(b) and 6(c) of the complaint.

If, in fact, defendant's decedent stopped at the stop sign at the west edge of the intersection, visibility to the south was unrestricted at that point, thereby imposing upon defendant's decedent a reasonable opportunity and duty to observe the obviously oncoming truck operated by the plaintiff Putman. Compare *Shearer* v. *Cantrell* (Nov. 24, 1969), 145 Ind. App. 693, 252 N. E. 2d 514.

In any event, it is unmistakeably clear that appellant admits or at least accedes to the proposition that a jury might

reasonably find that decedent Fulwider entered the intersection from County Road 38 traveling from west to east, as evidenced by its tendered Instruction No. 9, which was given to the jury as follows:

"You are instructed that the right-of-way given to drivers approaching intersections is not an absolute one. It is the law that both drivers should exercise reasonable care to avoid coming into a collision and that when a driver is approaching an intersection, even though he may have the technical right-of-way, it is his duty to use reasonable care to discover whether or not there is *any vehicle approaching such intersection from either his right or left.* Even though the street or highway upon which he is travelling be a preferential one, it is still his duty to use reasonable care to avoid coming into collision with another vehicle." (Emphasis supplied)

Appellant accurately contends that the duties of drivers approaching or in an intersection are relative. Neither has the right to proceed with abandon. See *Shearer* v. *Cantrell, supra.* With this contention we agree. But considering the physical facts before the jury here, together with the proper inferences to be drawn therefrom, we cannot as a matter of law say that such physical facts are insufficient to support the verdict.

Appellant relies heavily upon *Hunnicutt* v. *Boughner* (1967), 141 Ind. App. 669, 231 N. E. 2d 159, and *Pontiac-Chicago Motor Express Co.* v. *Cassons & Son* (1941), 109 Ind. App. 248, 34 N. E. 2d 171. Said cases are, however, clearly distinguishable.

In *Hunnicutt* v. *Boughner, supra,* the defendant-appellant exited from a bridge at 15 miles per hour looking straight ahead. He did not look to the side. As he left the bridge he heard a thud and thought he had hit the bridge. After proceeding 60 to 65 feet beyond he saw, for the first time, the plaintiff in his rear view mirror. This was the sole evidence favorable to plaintiff-appellee as set forth in the reported opinion. The court, on such set of facts, held at page 161:

"* * * Suffice it to say that there is a total lack of evidence of probative value which would give rise to the existence of any duty to be performed on the appellant's part."

In other words, defendant-appellant in that case did not see the plaintiff prior to the impact nor was he under a duty to anticipate the presence of plaintiff at that time and place. We think such holding to be eminently correct in the light of that evidence. See also *Kelley* v. *Skeen* (1968), 143 Ind. App. 387, 240 N. E. 2d 837.

*In Pontiac-Chicago Motor Express Co.* v. *Cassons & Son, supra,* the court in upholding a directed verdict for the defendant-appellee said at page 254:

"Would it be a reasonable inference to say from the evidence that appellee's truck was operated on the south side of the center of the highway at the time of the accident, and that such operation of the car was the proximate cause of the injury merely because it was found, after the accident, to be from five to seven inches south of such center line, and west of appellant's truck? We do not think the facts established would warrant the jury to infer that appellee was negligent and that such negligence was the proximate cause of the accident."

To this extent, the *Pontiac* case would appear to sustain appellant's position here. It must be noted, however, that other language used by the court in the *Pontiac* case clearly indicates the distinction required to be made here.

The court said quite pointedly at page 253:

"The only evidence from which a jury could infer negligence on the part of appellees is from the physical facts as they appeared after the accident. The cars were standing still when the first witness arrived at the scene, and neither moved thereafter until they were removed several hours later. *There were no tracks on the pavement to indicate where either of the cars was at the time of collision.*" (Emphasis supplied)

Much more to the point here is *Samuel-Hawkins Music Co.* v. *Ashby* (1965), 246 Ind. 309, 204 N. E. 2d 679, wherein the

Supreme Court, upon facts substantially similar to those present before us now, upheld a verdict for plaintiff primarily upon the authority of *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 132 N. E. 2d 919, and *Whitaker* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734.

In *Taylor* v. *Fitzpatrick, supra,* wherein defendant-appellant was alleged to have negligently operated his automobile into plaintiff's two parked unattended automobiles, there were no eye-witnesses save defendant whose direct testimony was decidedly favorable to his own defense. The court, in affirming judgment for the plaintiff, stated at pages 242 and 243:

"* * * Appellant asserts that the court erred in overruling his motion for a directed verdict at the close of all the evidence.

"We have no quarrel with appellant's assertion that no presumption arises from the mere fact that a collision occurred. * * *

"Physical facts and circumstances are often more convincing than words. As stated by the Appellate Court in *Magazine* v. *Shull* (1845), 116 Ind. App. 79, at p. 85, 60 N. E. 2d 611:

" 'Evidence is that which tends to produce conviction in the mind as to the existence of a fact. *The Evansville, etc., Railroad Co.* v. *Cochran* (1858), 10 Ind. 560, and the existence of any fact relative to the issue may be proved. (citation omitted) There are many classes or kinds of evidence among which is the permissible deduction the trier of the facts may reasonably draw from other established facts before the court, which deduction is usually characterized, in the law of evidence, as an inference.'

"If there is a rational connection between facts established by direct evidence and the ultimate fact inferred therefrom, such inference is not disqualified simply because it is disputed by the testimony of a witness."

To the same effect is *Whitaker* v. *Borntrager, supra,* wherein the Supreme Court held at page 684:

"* * * When all the known physical conditions and circumstances surrounding an accident are proved as in this case and there are legitimate inferences that naturally flow

therefrom that by a fair preponderance might convince reasonable persons that the collision was caused by defendant's negligence as alleged, while other equally reasonable persons might not be so convinced thereby a situation exists for solution by the jury only under proper instructions from the court. * * *"

We now hold that the trial court did not err in overruling defendant's motion for directed verdict at the conclusion of plaintiffs' case nor in overruling a similar motion at the conclusion of all the evidence and further that the verdict of the jury is justified and supported by the evidence hereinbefore set forth.

The appellant next asserts as error the giving of plaintiffs' tendered instructions 1, 3, 4, 5 and 6, both as amended. Appellant does not assign as independent specifications in his motion for new trial the giving of each such instruction. If, therefore, any single instruction among those complained of is correct this court will not reverse. *Mitchell* v. *Lawson, supra.* The first of said plaintiffs' instructions which was objected to by defendant-appellant and which was given by the court was as follows:

"It is not necessary for the plaintiffs to prove all the acts of negligence with which they have charged the defendant. They are only required to prove one such act of negligence."

Defendant objected thereto upon the ground that said instruction omits the proposition of probable cause as well as the element of damage sustained by said plaintiff.

It must be first noted that it is well established that all instructions are to be construed together and that all the law applicable to the particular case need not nor can it be embodied in any single instruction. *Kiger* v. *Arco Auto Carriers, Inc.* (1969), 144 Ind. App. 239, 245 N. E. 2d 677.

It is to be further noted that Plaintiffs' Instruction No. 1 is not mandatory so as to require all essential elements of

recovery to be contained within that single instruction. See *Lamb* v. *York* (1969), 252 Ind. 252, 247 N. E. 2d 197. The instruction in question does not say nor imply that plaintiffs are entitled to recover merely upon proof of a single act of negligence. To the contrary, the other instructions given clearly pointed out to the jury the extent of plaintiffs' burden of proof and the elements which plaintiffs had to prove in order to recover.

Since the giving of Plaintiffs' Tendered Instruction No. 1 was proper, we need not consider the other instructions alleged by appellant to have been erroneously given.

Appellant lastly contends that the court erred in refusing its tendered instructions 2, 4 and 10. If refusal of any single such instruction was proper this specification of error will be unavailing to appellant. *Mitchell* v. *Lawson, supra.*

Appellant-defendant's tendered Instruction No. 2, which was properly refused reads as follows:

> "The mere fact that the accident occurred and that the plaintiff sustained property damage would not justify you in returning a verdict for the plaintiffs. Before you would be authorized to find for the plaintiffs, you would have to go further and find that the accident occurred because Charles O. Fulwider did not use the care that an ordinary careful, and prudent person should have exercised under the same or similar circumstances."

Appellant cannot here be heard to complain for the reason that the essentials of defendant's tendered Instruction No. 2 are contained in and are repetitious of defendant's tendered Instruction No. 1, which was given and reads as follows:

> "You are instructed that neither the bringing of the action or the allegations contained in the complaint should be deemed by you as any evidence of liability on the part of the defendant. The defendant is not to be held liable merely because an accident occurred and a person suffered property damage as a result. Even if there is proof that the plaintiff exercised ordinary care, this does not raise a presumption of negligence on the part of defendant's decedent, Charles O. Fulwider. Negligence on the part of the defendant must

be established in order for there to be any recovery and, if it is not so established, then your verdict should be for the defendant."

Defendant's Instruction No. 2 was properly refused because of its reference to "the accident". Our courts have held such a reference to be objectionable because the word "accident" is susceptible of different meanings, is misleading and confusing, and not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care. *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633; *Qualls* v. *J. C. Penney Co.* (1969), 144 Ind. App. 276, 245 N. E. 2d 860; *Pierce* v. *Horvath* (1968), 142 Ind. App. 278, 233 N. E. 2d 811.

Even if we accept appellant's suggestion that said defendants' Instruction No. 2 is not within the prohibitions of the "mere accident" cases, said instruction is negatively mandatory and as such is subject to the same objection heretofore unsuccessfully asserted by appellant against plaintiffs' Instruction No. 1. Defendant's Instruction No. 2, wholly omits the proposition of proximate cause. It would thus appear that the trial court in refusing said instruction safeguarded defendant against its own prejudicial error.

For the reasons hereinabove set forth, the judgment below is affirmed and the costs hereof are assessed against appellant.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 601.