280 N.E.2d 861 (1972)
THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, and the Department of Metropolitan Development of the City of Indianapolis by Its Division of Planning and Zoning, Appellants,
v.
Day H. BICKNELL, Edna Bicknell, Metropolitan Board of Zoning Appeals of Marion County, Division Three, Appellees.
No. 671A111.
Court of Appeals of Indiana, First District.
April 6, 1972.
*862 David F. Rees, Arthur H. Northrup, City-County Legal Division, Indianapolis, for appellants.
F. Robert Lively, Indianapolis, for appellees.
LOWDERMILK, Judge.
This case was first received by the writing judge on March 18, 1972.
This appeal comes to us from a granting of a variance by the Metropolitan Board of Zoning Appeals of Marion County, Division Three, which was affirmed by the trial court on petition of the Metropolitan Development Commission of Marion County and the Department of Metropolitan Development of the City of Indianapolis by its Division of Planning and Zoning.
Mr. and Mrs. Bicknell of Fairhope, Alabama, filed the petition for the variance on behalf of the oil company (Mobil Oil Corporation) for a zoning variance of an irregular tract of land approximately 162 feet by 217 feet fronting on U.S. Highway 31 at the southeast corner of its intersection with Southport Road. The existing zoning was A-2 (Agricultural) and the proposed use was for a service station with an estimated cost of $50,000, which was to be erected with an identification sign. The plot plan submitted by Mobil Oil Corporation shows two thirty-foot curb cuts opening on U.S. 31 and two thirty-foot curb cuts opening on Southport Road. The northernmost driveway opening onto U.S. 31 is only eighty feet south of the south curbline fronting on Southport Road.
Plaintiffs-appellants' evidence opposing the granting of such variance consisted of formal written comments and photographs and testimony of members of their staff.
*863 Through the affidavits of the absentee owners and the testimony of a local police officer, a real estate man, and an engineer from Mobil Oil Corporation, the oil company sought to satisfy the five statutory requirements of Ind. Stat. Ann. § 53-969 (Burns 1971 Supplement). I.C. 1971, XX-X-X-XX. After receiving the evidence in this case, the Board of Zoning Appeals granted the variance requested by the petitioners by a three to two vote of the five members of said Board.
Appellants, the Metropolitan Development Commission of Marion County and the Department of Metropolitan Development of the City of Indianapolis by its Division of Planning and Zoning, then timely filed their petition for certiorari, seeking judicial review of the grant of such variance.
A review was granted and after a review of the transcript and all of the evidence therein, and after argument thereon, the trial court did, on January 14, 1971, make and enter its Special Findings of Fact and Conclusions of Law thereon and entered its judgment which affirmed the decision of the Board granting the variance.
The plaintiffs-appellants then timely filed their motion to correct errors, which motion was overruled by the trial court. Appellants praeciped for the transcript of the record and this appeal was timely perfected.
Plaintiffs-appellants contend that the only issue presented to the Court of Appeals on this appeal is whether or not the decision of the Metropolitan Board of Zoning Appeals of Marion County, Division Three, is supported by substantial evidence of probative value with respect to four of the five statutory prerequisites of the Acts of 1955, Ch. 283, § 69, being Ind. Stat. Ann. § 53-969 (Burns 1971 Supplement.)[1]
Ind. Stat. Ann. § 53-969 (Burns 1971 Supplement) provides that boards of zoning appeals, in accordance with the territorial jurisdiction of such boards as established by sections 58 and 59 [§§ 53-958, 53-959] IC 1971, XX-X-X-XX, XX-X-X-XX of that act, are authorized to grant such variance from the applicable zoning ordinance upon determination, in writing of five statutory prerequisites.
In order for the trial court to affirm the findings of said boards, it must find that the same are supported by probative evidence. Said determinations, excepting number one, which plaintiffs-appellants have heretofore waived, read as follows:
"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.
"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.
"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.
"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931 - 53-937] of this act."
This court, in the case of Williamson Co. v. Review Bd. of Ind. Emp. Sec. Div. (1969), Ind. App., 250 N.E.2d 612, set out the standards for judicial review of decisions of administrative tribunals, stating that such standards for judicial review of administrative tribunals apply uniformly to *864 all administrative agencies, unless a different standard is required by statute.
The court said:
"A rather basic premise of review is that this Court is not at liberty to weigh the evidence and that we must accept the facts as found by the particular Board involved. This premise applies to findings of the Review Board of the Indiana Employment Security Division."
This premise applies to findings of the Metropolitan Board of Zoning Appeals.
"There are hundreds of cases containing the statement that the weight of the evidence and the credibility of the witnesses are for the trial court or jury, not the reviewing court, to determine... . This rule is applicable also in reviews of decisions of administrative tribunals, as where the finding of the tribunal is supported by evidence of probative value, the finding is binding on the Appellate Court."
3 Wiltrout, Ind.Civ.Pract., § 2786, ch. 103, pp. 484, 485.
The court in the Williamson Co. case, supra, quotes the last sentence of the second paragraph from this court's quote in the case of Warren v. Indiana Telephone Co. (1940), 217 Ind. 93, 26 N.E.2d 399. And the court, speaking further, says:
"Two further exceptions were noted by Judge Arterburn, speaking for our Supreme Court in Mann v. City of Terre Haute, et al., 240 Ind. 245, 249, 163 N.E.2d 577, 579 (1960):
"`This does not mean that the courts will review the administrative action of any board, commission or governmental corporation for the purpose of substituting its opinion or judgment for that of the board in discretionary matters within the jurisdiction of such an administrative body. The courts will, however, review the proceedings to determine whether procedural requirements have been followed and if there is any substantial evidence to support the finding and order of such a board. The courts will also review the proceedings to determine whether or not the order of the board, its judgment or finding, is fraudulent, unreasonable or arbitrary, if requested.'"
This court further said in Nordhoff v. Rev. Bd., Ind. Emp. Sec. Div. et al., (1959), 129 Ind. App. 378, 383, 156 N.E.2d 787, 789, citing Egbert v. Egbert et al. (1948), 226 Ind. 346, 352, 80 N.E.2d 104, that while "`The board * * * is not held to conformity to "common law or statutory rules of evidence and other technical rules of procedure" (Burns' Sec. 52-1542e, 1951 Replacement IC 1971, XX-X-XX-X) * * * we do not think such liberality bestows on the board the right to ignore competent evidence.'"
This court reversed the Nordhoff case and remanded it, since it appeared that the Board had, in fact, ignored competent evidence.
In the Williamson case, supra, the court said further:
"Finally, this Court has said, as an exception to the general rule, that if reasonable men would be bound to reach the opposite conclusion from the evidence in the record, the decision of the Board may be reversed. [Citing cases.]
"Each of these exceptions, if established, by the appellant in a given case, can provide the basis for reversal of the decision of the Review Board. For purposes of clarification, we shall restate these exceptions:
"The reviewing court may reverse the decision of the Review Board if:
"(1) The evidence on which the Review Board based its conclusion was devoid of probative value;
"(2) The quantum of legitimate evidence was so proportionately meager as *865 to lead to the conviction that the finding does not rest upon a rational basis;
"(3) The result of the hearing before the Review Board was substantially influenced by improper considerations;
"(4) There was no substantial evidence supporting the conclusions of the Review Board:
"(5) The order of the Review Board, its judgment or finding, is fraudulent, unreasonable or arbitrary;
"(6) The Review Board ignored competent evidence;
"(7) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record.
* * * * * *"
The plaintiffs-appellants moved the court, pursuant to Rule TR. 59, IC 1971, 34-5-1, to correct the errors in the special findings of facts, conclusions of law and decree entered in this cause on January 14, 1971. It was their contention that the court's decision was contrary to the evidence and contrary to law, in that the judgment of the court upholds and confirms a decision of the Metropolitan Board of Zoning Appeals, Division Three, in which such Board authorized and approved a variance when there is no credible evidence that:
"1. The grant of the variance would not be injurious to the public health, safety, morals and general welfare of the community. The Court's finding 8(a) with respect to the style of the prospective service station's operation does not take into account the impact of even a well designed and operated service station on a residential area and the evidence relating to such intrusion which was uncontradicted below.
"2. The area adjacent to the property included in such variance will not be affected in a substantially adverse manner.
"3. The variance arises from some condition peculiar to the property and such condition is not due to the general conditions of the neighborhood. The Court's findings 8(c) and (d), on the contrary, support the proposition that the conditions which encourage the intended use relate to a general area, which cannot be true if a variance is to be granted and/or sustained.
"4. The strict application of the terms of the ordinance to the property would amount to an unusual and unnecessary hardship.
"5. The grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan."
We shall now consider the evidence in this cause to determine its sufficiency and also to determine whether the decision and finding of the court is contrary to law.
The court, in passing on the sufficiency of the evidence on an appeal from an administrative board, has a different rule than passing on the same problem in an appeal from a trial court. Warren v. Indiana Telephone Co. (1940), 217 Ind. 93, 26 N.E.2d 399.
We have studied the three photographs, the plot plan and area map, have considered the evidence of witnesses most favorable to the appellees, and having made such an examination have determined that the findings and conclusions as set out in the special findings of fact as found by the Metropolitan Board of Zoning Appeals and also found by the trial court, in order to determine if it was substantial evidence of probative value, and we are of the opinion that the same satisfied the test of substantial evidence of probative value, pursuant to the tests defining the same.
In Hunnicutt v. Boughner (1967) 141 Ind. App. 669, 231 N.E.2d 159, the court said:
"Evidence sufficient to sustain a judgment must be substantial evidence with probative value.

*866 "By probative value we mean evidence `carrying quality of proof and having fitness to induce conviction.'" Haney v. Meyer (1966), 139 Ind. App. 663, 215 N.E.2d 886; Vogelgesang et al. v. Shackelford et al. (1970), Ind. App., 254 N.E.2d 205.
We also find, following the above tests, that there was adequate substantial evidence to support the conclusions of the trial court; that the record shows the findings rest upon a substantial factual foundation; that under specifications 2, 3, 4 and 5, that reasonable men would be bound to reach the same conclusion on the evidence in the record as was reached by the trial court, and the decision and judgment of the court is not contrary to law; that the trial court's special findings of facts are sustained by substantial evidence of probative value.
Although this is a case with its origin in an administrative agency, we further apply the test "that a decision of the court is contrary to law" as applied to those civil cases which do not have an origin in an administrative agency and which were appealed to this court and which cases determine whether or not the decision of the court is contrary to law.
In the case of Pokraka v. Lummus Co. (1952), 230 Ind. 523, 104 N.E.2d 669, our Supreme Court said:
"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." Hinds, Executor, etc. v. McNair et al. (1955), 235 Ind. 34, 129 N.E.2d 553.
There being no error in the record the judgment of the trial court is hereby in all things affirmed.
ROBERTSON, P.J., and LYBROOK, J., concur.
NOTES
[1] The parties hereto have not raised the question of jurisdiction of the parties and we cannot raise that question on our own motion. However, we are not unmindful of the case of Metropolitan Development Comm. of Marion County v. Cullison (1972), Ind. App., 277 N.E.2d 905, which discussed the question of jurisdiction of the parties.